Sucesión Nicandro García, compuesta de Pilar del Rosario Vda. de García y Nicandro, Cándida, Pilar, Carlos, Mariano, Hercilia, Luis, Miguel y Raúl, todos de apellido García del Rosario, querellantes, *v.* Junta de Planificación, Urbanización y Zonificación de Puerto Rico, recurrida.

Núm. 11.—*Sometido:* Mayo 11, 1949  *Resuelto:* Diciembre 21, 1949.

*M. A. García Del Rosario* y *L. A. García Del Rosario,* abogados de los querellantes; *Rafael R. Fuertes, Félix Bello* y *A. Sandín del Manzano,* abogados de la recurrida.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

Allá para el año 1941 se empezaron los trabajos de urbanización de ciertos terrenos poseídos por la Sucesión de Nicandro García, que en adelante llamaremos la Sucesión, radicados en el barrio Victoria del término municipal de Aguadilla. La urbanización fué aprobada el 3 de febrero de 1941 por la Asamblea Municipal de la referida ciudad y el 27 de marzo siguiente por el Departamento de Sanidad de Puerto Rico. Se habían construído varias calles y fueron vendidos algunas casas y solares, de acuerdo con el plano de lotificación aprobado por dichos organismos, pero no estando terminadas las obras de la urbanización, y habiendo encon-

trado los adquirentes de casas y solares ciertos inconvenientes al tratar de inscribirlas en el Registro de la Propiedad, la Sucesión con fecha 5 de marzo de 1945, recurrió a la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, que en adelante llamaremos la Junta, declarando su intención de continuar las obras empezadas con anterioridad a la aprobación del Reglamento de Lotificación promulgado por la Junta. Esta procedió a ordenar la preparación de un plano de ampliación y el 8 de marzo de 1946, se aprobaron los planos de construcción con la condición de que la Sucesión cediese gratuitamente a El Pueblo de Puerto Rico una parcela para parques con un área de 2,226 metros con 35 centímetros cuadrados, y que las obras fueran terminadas dentro de un año a partir de aquella fecha. Las obras pendientes eran:

1. 1930 pies lin. tubería 4″ para agua
2. 2 válvulas de 4 pulgadas
3. 4 bocas de incendio
4. 45 acometidas para agua
5. 1190 m/1 de encintado
6. 1300 m/1 de acera
7. 3650 m/c de afirmado y asfalto
8. Instalación eléctrica

Como el costo de dichas obras fué calculado en $21,165, la Junta, para garantizar su construcción, exigió a la Sucesión una fianza por igual cantidad. La Sucesión cedió a El Pueblo de Puerto Rico la referida parcela, se obligó a terminar dichas obras dentro del término indicado, y el 9 de abril de 1946 prestó la referida fianza. El 24 de marzo de 1947, la Sucesión se dirigió nuevamente a la Junta comunicándole que las obras se hallaban prácticamente terminadas y solicitó que se le eximiera de construir las aceras, porque de acuerdo con las restricciones que se habían impuesto a los solares, la obligación de construirlas recaía en los compradores. A esta petición contestó la Junta el 11 de abril de 1947 informándole que la construcción de las aceras era obligación del urbanizador. El 17 de abril de 1947 la Sucesión

volvió a dirigirse a la Junta solicitando se le concediese un tiempo razonable para la construcción de las aceras y ofreció la prestación de una fianza para garantizar su construcción. El 21 de mayo de 1947 acordó la Junta concederle una prórroga para terminar todas las obras pendientes dentro de un término que vencería el 9 de abril de 1948, le exigió que previamente prestase fianza para garantizar la terminación de las mismas, y le advirtió que no le concedería nuevas prórrogas. Esta resolución fué notificada el mismo día en que se dictó y el 10 de julio de 1947, o sea, cincuenta días después de dicha notificación, la Sucesión radicó una solicitud en la cual pedía que se le eximiese de la construcción de las aceras y encintado, cuyo costo se estimaba en $8,954.65. Luego de celebrarse una vista, la Junta eximió a la peticionaria de construir aceras en cuatro solares, y además le reajustó el presupuesto de servicio eléctrico, reduciéndolo en $1,153.14, siéndole notificada esta resolución el 15 de diciembre de 1947. El 19 del mismo mes solicitó la reconsideración, y no fué hasta el 2 de junio de 1948 que la Junta la denegó, estableciéndose con tal motivo el presente recurso para revisar, tanto la resolución de 15 de diciembre de 1947, como la negativa de reconsideración de 2 de junio de 1948.

Como fundamentos de este recurso de revisión, la Sucesión señala, como errores: (1) que la Junta asumiera jurisdicción para entender de esta urbanización que había sido aprobada y estaba en proceso de desarrollo con anterioridad a la ley creando la Junta recurrida y la aprobación de su Reglamento de Lotificación; (2) que la Junta le exigiera fianza, en la cual se confesaba sentencia por el montante de la misma, sin acción o juicio; (3) que se exigiera por la Junta la cesión a favor de El Pueblo de Puerto Rico de una parcela de 2,226 metros con 35 centímetros cuadrados para parques, como condición previa a la aprobación del plano de construcción; (4) indebida aplicación del artículo 51 del Reglamento de Lotificación y abuso del poder discrecional que concede dicho artículo, consistiendo el supuesto abuso de dis-

creción en no haber concedido la exención de la construcción de aceras y encintado; (5) que la resolución denegatoria de la referida exención de construcción de aceras y encintado era confiscatoria y privaba a la Sucesión de su propiedad sin el debido procedimiento de ley.

No nos detendremos a discutir el señalamiento de errores porque, aparte de que la exposición de hechos que antecede es su mejor contestación, existe una circunstancia a la cual llama la atención por primera vez el abogado de la Junta al final de su alegato, que es decisiva de la pretensión de la recurrente. Pasemos a discutirla.

▉ Dispone el artículo 26 de la Ley creando la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, según fué enmendado por la Ley núm. 429 de 23 de abril de 1946 ((1) pág. 1219),[1] que el término para pedir reconsideración de una resolución de la Junta es de quince días,[2] y que siempre que se haya solicitado la reconsideración dentro del término antes indicado, podrá presentar dentro de quince días a partir de la notificación de la negativa de reconsideración, una solicitud de revisión para ante este Tribunal.

Volviendo ahora a la exposición de hechos, notaremos que el acuerdo de la Junta concediendo la prórroga para terminar todas las obras pendientes se tomó el 21 de mayo de 1947 y se

[1] El referido artículo 26, según fué enmendado, en lo pertinente, prescribe: "Cualquier parte directamente interesada en las actuaciones, acuerdos, aprobaciones, denegaciones y desaprobaciones de la Junta de Planificación, Urbanización y Zonificación de Puerto Rico sobre casos o planos de lotificación, contra la cual una petición de reconsideración haya sido solicitada dentro de un término de quince (15) días a la Junta de Planificación y sobre la misma haya rendido o tomado acuerdo y resolución la Junta de Planificación, podrá presentar dentro del término de quince (15) días a partir de la fecha de la notificación de tal resolución o acuerdo de la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, para su revisión ante la Corte Suprema de Puerto Rico; *Disponiéndose*, que dicha revisión ante la Corte Suprema, la que tiene jurisdicción exclusiva para revisar tales actuaciones o decisiones, podrá concederse y se limitará exclusivamente a cuestiones de derecho."

[2] Presumiremos que el término para solicitar la reconsideración empieza desde la fecha en que se notifica la resolución cuya reconsideración se pide, por haber sido la intención legislativa conceder un término para tal fin y es ese punto de partida el más beneficioso para el recurrente.

notificó el mismo día, y que no fué hasta el 10 de julio de 1947, o sea cincuenta días después de notificada dicha resolución, que la Sucesión solicitó que se le eximiese de hacer ciertas obras requeridas por la resolución de 21 de mayo de 1947. La moción de 10 de julio de 1947 no es otra cosa que una moción de reconsideración aunque la Sucesión no le dió ese nombre. Pero como el artículo 26 antes citado sólo concede quince días para solicitar la reconsideración de un acuerdo de la Junta, parece claro que habiéndose radicado dicha moción de reconsideración después del término de quince días que fija la ley, la Junta carecía de jurisdicción para dictar su resolución de 15 de diciembre de 1947 y la de 2 de junio de 1948. Por consiguiente, no procede el recurso aquí establecido para revisar dichas dos últimas resoluciones, siendo la final y contra la cual debió solicitarse revisión en tiempo, la de 21 de mayo de 1947.

*Debe denegarse la revisión.*

El Juez Asociado Sr. Negrón Fernández se inhibió.