PUERTO RICO REAL ESTATE CORPORATION, recurrente, *v.* JUNTA DE PLANIFICACIÓN DE PUERTO RICO, recurrida.

Número 31.

*Sometido:* 25 de febrero de 1953.—*Resuelto:* 19 de marzo de 1953.

*Rodríguez Ema & Rodríguez Ramón,* abogados de la recurrente; *Rafael R. Fuertes* y *A. Sandín del Manzano,* abogados de la recurrida.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

El 16 de junio de 1952 la Junta de Planificación aprobó una solicitud radicada por la Puerto Rico Real Estate Corporation para lotificar un predio de terreno, sujeta a ciertas condiciones. Copia certificada de la decisión fué enviada por correo a la corporación por la Junta el *27 de junio de 1952,* y fué recibida por la corporación, según ésta, el *1ro. de julio de 1952.* La corporación radicó ante la Junta el *15 de julio de 1952* una moción de reconsideración solicitando se eliminaran las referidas condiciones. (¹) Posteriormente, la Junta declaró sin lugar la moción de reconsideración por dos motivos: (1) que se radicó fuera de término; (2) de cualquier modo, carecía de méritos.

La corporación radicó ante este Tribunal una solicitud de revisión de la decisión de la Junta. Luego la Junta radicó la moción, que está ahora ante nos, solicitando que nos neguemos a expedir el auto de revisión por falta de jurisdicción. La posición de la Junta es que la moción de reconsideración no se radicó dentro de los 15 días provistos en el artículo 26 de la Ley núm. 213, Leyes de Puerto Rico, 1942 ((1) pág. 1107), según fué enmendado por la Ley núm. 434, Leyes de Puerto Rico, 1951 ((1) pág. 1227).(²)

---

(¹) La Junta sostiene que la copia de la decisión fué enviada por correo a la corporación el 26 de junio y que la moción de reconsideración fué radicada ante ella el 16 de julio. No obstante, de los documentos radicados ante nos por la corporación se desprende que estos dos hechos ocurrieron el 27 de junio y el 15 de julio, respectivamente.

(²) El artículo 26, según fué enmendado, prescribe en parte como sigue: "Cualquier parte directamente interesada en la expedición o denegación de un permiso de construcción, sanitario, o de usos de edificios o terrenos, o en las actuaciones, acuerdos, aprobaciones, denegaciones y desaprobaciones sobre casos o planos de lotificación, contra la cual una petición de reconside-

■ A tenor con las disposiciones del artículo 26, no tenemos facultad para revisar una decisión de la Junta a menos que la parte perdidosa haya solicitado la reconsideración de la misma dentro de 15 días y la Junta haya denegado la moción. *Sucn. García* v. *Junta Planificación*, 70 D.P.R. 726. El problema en este caso es determinar cuándo empieza a correr el término de 15 días.

■ Primeramente alega la Junta que el término empieza a correr desde la fecha de la decisión, y no desde la fecha de la notificación de la misma. Sostiene la Junta que si la Legislatura hubiera tenido por miras disponer que la notificación era el punto de partida para el período de 15 días dentro del cual solicitar reconsideración, así lo hubiera dicho con la misma claridad con que requirió a la parte que solicitara revisión ante este Tribunal de las decisiones de la Junta dentro de los 15 días "a partir de la fecha de la notificación de tal acuerdo o resolución de la Junta . . .".

Debe admitirse que el silencio del artículo 26 sobre esta cuestión crea un problema. Pero en ausencia de una clara disposición a ese efecto, no podemos imputarle a la Legislatura la intención de establecer la regla al efecto de que la decisión propiamente dicha dé comienzo al período para solicitar reconsideración, independientemente de la notificación. Tal regla fácilmente podría resultar en la pérdida del derecho a solicitar reconsideración y por consiguiente del derecho a solicitar la revisión por este Tribunal, aún antes de que el peti-

---

ración haya sido solicitada, dentro de un término de quince (15) días a la Junta de Planificación de Puerto Rico y sobre la cual haya rendido o tomado acuerdo y resolución la Junta, según sea el caso, podrá presentar dentro del término de quince (15) días, a partir de la fecha de la notificación de tal acuerdo o resolución de la Junta, copias certificadas de cualesquier de tales resoluciones o acuerdos, para su revisión ante el Tribunal Supremo de Puerto Rico; *Disponiéndose*, que dicha revisión ante el Tribunal Supremo, la que tiene jurisdicción exclusiva para revisar tales actuaciones o decisiones, podrá concederse y se limitará exclusivamente a cuestiones de derecho."

cionario recibiera la notificación de la decisión original. En verdad, los hechos de este mismo caso ponen de relieve ese peligro: la decisión fué emitida el 16 de junio, puesta en el correo el 27 de junio, y recibida por la corporación el 1ro. de julio.

Además, tanto la Legislatura como la Junta reconocieron la necesidad de la notificación. El artículo 18 de la Ley núm. 213 de 1942, según fué enmendado por la núm. 388, Leyes de Puerto Rico, 1950 (pág. 905), provee en parte que "La Junta remitirá a todo funcionario o individuo interesado, copias certificadas de todos los acuerdos adoptados por ella que conciernan a dicho funcionario o individuo." Y el artículo 17 del Reglamento de Planificación núm. 1, luego de repetir esta disposición, le exige a las partes que envíen a la Junta sus direcciones exactas y dispone que el no hacerlo así "relevará a la Junta de la notificación . . .". Por tanto, somos del criterio de que bajo todas las circunstancias concurrentes, el período de 15 días para solicitar la reconsideración no empieza a correr hasta que todas las partes hayan sido notificadas. *Cf. Sucn. García* v. *Junta Planificación,* supra, pág. 729, nota 2.

■ Resta ahora el problema de resolver qué constituye notificación bajo la Ley de Planificación. La Junta, basándose en *Rodríguez* v. *Fonalledas,* 71 D.P.R. 836, sostiene que la notificación debe considerarse efectuada al depositarse la misma en el correo, cosa que ocurrió aquí el 27 de junio. Pero dijimos en *Caparra Country Club* v. *Junta de Planificación,* ante pág. 74, que el caso de *Fonalledas* se regía por el artículo 322 del Código de Enjuiciamiento Civil, y que dicho Código no es aplicable donde como aquí tenemos un estatuto especial que establece específicamente el procedimiento de revisión ante los tribunales de las actuaciones de determinada agencia administrativa. Por consiguiente, no podemos aplicar el artículo 322 del Código de Enjuiciamiento Civil a la

notificación requerida por el artículo 26 de la Ley de Planificación en relación con las mociones de reconsideración por la Junta.(³)

Llegamos al mismo resultado en relación con la Regla 6(e) de las Reglas de Enjuiciamiento Civil.(⁴) La Regla 81 provee que las reglas serán aplicables a cierta clase de acciones, entre las cuales este procedimiento obviamente no está incluído. Véanse *Vigio* v. *Cartagena*, 70 D.P.R. 596; *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 D.P.R. 525, 543. Por consiguiente la Regla 6(e) no es de aplicación aquí.

█ Todavía nos confrontamos con el problema de determinar el efecto que tiene el enviar por correo la notificación bajo el artículo 26 de la Ley de Planificación. En el caso de *Caparra Country Club* hallamos disposiciones específicas en la Ley de Planificación y en el Reglamento en relación con el problema de notificar a las partes o a sus abogados. Pero el artículo 26 y el Reglamento guardan silencio en cuanto a la limitada cuestión de cuándo es efectiva la notificación por correo. La Asamblea Legislativa pudo haber resuelto ese problema insertando en el artículo 26 una disposición similar, bien al artículo 322 del Código de Enjuiciamiento Civil o bien a la Regla 6(e). No hizo esto. La Junta en su Reglamento, de igual manera, pudo haber adoptado este enfoque, pero hasta el presente no lo ha hecho. En ausencia de un estatuto

---

(³) El artículo 322 provee así: "En los casos de remisión por correo, la notificación o documentos deberán depositarse en la administración de correos, dirigidos a la persona a quien hubiere de intimarse, o hacerse la entrega, a su oficina o residencia pagándose el franqueo. La notificación o la entrega de documentos queda cumplida al tiempo de hacerse el depósito en el correo, pero si dentro de determinado número de días después de hecho aquél, la parte contraria tuviere que ejercer un derecho o ejecutar un acto, el término dentro del cual hubiere de ejercerse el uno o ejecutarse el otro, se entenderá ampliado un día por cada veinte y cinco millas que mediaren entre el lugar del depósito y el de la dirección; pero esta ampliación no deberá exceder de un término máximo de treinta días."

(⁴) La Regla 6(e) dice lo siguiente: "Siempre que una parte tenga el derecho de o se le requiera para realizar algún acto o iniciar algún procedimiento dentro de un período de tiempo después de haberle sido notificado un aviso u otro documento y el aviso o documento es notificado por correo, se añadirán tres días al período prescrito."

o reglamento de esa naturaleza, nos vemos obligados a resolver que el término empieza a correr desde el día en que se recibe la notificación. Nos damos cuenta que esto crea alguna incertidumbre en cuanto a la fecha desde la cual se empieza a contar el período de 15 días. Pero la Asamblea Legislativa por ley o la Junta por reglamento tienen el remedio a la mano.

Como antes se ha indicado, la corporación afirma sin que se le haya contradicho que la notificación, enviádale por correo el 27 de junio, fué recibida por ella el primero de julio. Por consiguiente, la moción de reconsideración radicada el 15 de julio estaba en tiempo.

*La moción de la Junta solicitando deneguemos la solicitud de revisión radicada por la corporación será declarada sin lugar.*