JUAN M. MARTÍNEZ, recurrente y recurrido, *v.* JUNTA DE PLANIFICACIÓN, recurrida y peticionaria.

*Número:* O-80-233          *Resuelto:* 13 de junio de 1980

*Benjamín Soto Maldonado, Emilio Vidal Pérez Rosado y Efrén B. Lugo Pérez,* abogados de la Junta de Planificación; *Andrés E. Salas Soler,* abogado del recurrido; *Ángel M. Bonnet Rosario,* abogado de cierta interventora.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Resolvemos en este recurso que el término de treinta (30) días para solicitar reconsideración ante la Junta de Planificación establecido en el Art. 32(a) de su Ley Orgánica (¹) es de carácter jurisdiccional e improrrogable.

Su texto lee:

". . . [c]ualquier parte afectada por una actuación, decisión o resolución de la Junta de Planificación de Puerto Rico en su función adjudicativa en relación con la cual *una petición de reconsideración hubiera sido formulada ante la Junta de Planificación dentro de los primeros treinta (30) días del depósito en el correo de la notificación de tal actuación o decisión y denegada por ésta,* podrá entablar recurso de revisión ante el Tribunal Superior de Puerto Rico, Sala de San Juan o la Sala cuya jurisdicción comprenda el lugar donde está ubicado el proyecto, dentro del término de treinta (30) días naturales contados a partir de la fecha del depósito en el correo de la notificación de la denegatoria de la solicitud de reconsideración." (Bastardillas nuestras.) 23 L.P.R.A. sec. 63d(a).

Lo primero que observamos es que el lenguaje utilizado es análogo a aquel (²) que establecía la antigua

---

(¹) Núm. 75 de 24 de junio de 1975, según enmendada. 23 L.P.R.A. sec. 62 *et seq.*

(²) Leía en aquella época, según enmendada por la Ley Núm. 429 de 23 de abril de 1946:

"Cualquier parte directamente interesada en las actuaciones, acuerdos,

ley de la Junta de Planificación—Núm. 213 del 12 de mayo de 1942—en su Art. 26 en lo referente a la especificación de término para solicitar reconsideración antes de acudir en revisión al tribunal. Así, en *Sucn. García* v. *Junta Planificación,* 70 D.P.R. 726 (1949), resolvimos que era requisito indispensable solicitar reconsideración ante la Junta dentro del término allí establecido para que dicho organismo pudiera lícitamente entender en la misma. La identidad de lenguaje tiene fuerza persuasiva en la tarea de hermenéutica estatutaria, pues se presume que la Asamblea Legislativa conoce la interpretación del foro judicial y la estima correcta.

Lo segundo que llama la atención es el texto claro y preciso utilizado para computar el término dispuesto, a saber, "dentro de los *primeros* treinta (30) días del depósito en el correo de la notificación. . .". (Bastardillas nuestras.) La palabra clave "primeros" adicionada a la nueva ley—en contraste con la derogada—tiende a rebustecer el propósito legislativo de estimar el período envuelto de carácter mandatorio.

La ilustrada sala sentenciadora apoyó su dictamen en el razonamiento de que *Sucn. García,* supra, fue revocado "subsilencio [*sic*] por jurisprudencia posterior". A tal efecto citó pronunciamientos emitidos en *Martínez* v. *Tribunal Superior,* 83 D.P.R. 717 (1961); *Sucn. Bravo* v. *Srio. de Hacienda,* 106 D.P.R. 672 (1978); y *Junta de*

---

aprobaciones, denegaciones y desaprobaciones de la Junta de Planificación, Urbanización y Zonificación de Puerto Rico sobre casos o planos de lotificación, contra la cual una petición de reconsideración haya sido solicitada dentro de un término de quince (15) días a la Junta de Planificación y sobre la misma haya rendido o tomado acuerdo y resolución la Junta de Planificación, podrá presentar dentro del término de quince (15) días a partir de la fecha de la notificación de tal resolución o acuerdo de la Junta de Planificación, Urbanización y Zonificación de Puerto Rico, para su revisión ante la Corte Suprema de Puerto Rico; *Disponiéndose,* que dicha revisión ante la Corte Suprema, la que tiene jurisdicción exclusiva para revisar tales actuaciones o decisiones, podrá concederse y se limitará exclusivamente a cuestiones de derecho."

*Planificación* v. *J.A.C.L.*, 109 D.P.R. 210 (1979), los cuales son claramente distinguibles e inaplicables. *Martínez* reconoció la facultad de los organismos administrativos de corregir los errores de forma y los de inadvertencia; *Sucn. Bravo* decidió que una agencia administrativa tenía potestad para reconsiderar un acuerdo, aun cuando el estatuto no proveía autoridad para tal reconsideración; y *Junta de Planificación* estableció que la Junta de Apelaciones podía conceder, a nivel apelativo, variaciones reglamentarias. [3]

■ En el caso de autos, no estamos ante una solicitud remedial por errores de forma, o ante un estatuto que no contenga disposición sobre la facultad de reconsiderar. En el ámbito administrativo, al igual que en el foro judicial, no existe discreción para asumir jurisdicción donde no la hay. *Maldonado* v. *Pichardo*, 104 D.P.R. 778 (1976).

■ Recapitulando, resolvemos que es requisito indispensable radicar reconsideración ante la Junta dentro del término de treinta (30) días a partir de la notificación. No habiéndose efectuado así en el caso de autos, no agotó Martínez el remedio administrativo dispuesto en ley, y, por ende, carece el foro judicial de jurisdicción para entender en el recurso instado.

*Se dictará sentencia al efecto.*

---

[3] El foro de instancia cita los casos de *García Colón* v. *Srio. de Hacienda*, 99 D.P.R. 779 (1971); *Vda. de Rivera* v. *Pueblo Supermarkets*, 102 D.P.R. 134 (1974); *Batiz* v. *Tribunal Superior*, 104 D.P.R. 41 (1975) y *Montero Saldaña* v. *Amer. Motors Corp.*, 107 D.P.R. 452 (1978), para sostener una tendencia jurisprudencial de rechazar los tecnicismos y conceder flexibilidad en el ámbito administrativo, lo que, a su juicio, permite inferir que se ha dejado sin efecto la doctrina de *Sucn. García*. Basta señalar que en ninguno de éstos estaba envuelta la controversia en torno a término alguno de carácter jurisdiccional.