EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>María A. Jiménez Galarza; William Vega Cotto; Aica School Transport Services, Inc.; Luis A. Ortiz Marrero; Transporte Escolar SS, Inc.; Jaime Rivera Cruz; José Rivera Pérez; Alfonso González Nevárez<br><br>Recurridos<br>_____<br>Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Recurridos<br><br>v.<br><br>David Lugo Beltrán, Pres. de Lugo Bus Line, Alberto Avilés Virola, Sergio Colón, Luis Ramírez Flores, Miguel Ramírez Vázquez, Ramón Orlando Ruiz Jiménez<br><br>Peticionarios<br>_____<br>Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>Luz D. Colón Cintrón; Glenda Bus Line, Inc.; José R. Padilla Padilla; Vázquez Bus Line, Inc; Félix R. Vázquez Serrano; Carlos Pérez Justiniano; Luisito's Omnibus, Inc.; Evelyn Ramírez Lugo; Néstor González González,<br><br>Federación de Porteadores Escolares de Puerto Rico, Inc.; Transporte Rosado, Inc.; José M. Rosado Rolón; Servicios de Transportación Juan Carlos, Inc.; Juan Carlos Fuentes<br><br>Recurridos | CC-2015-0988<br>cons. con<br>CC-2015-1017<br><br><br><br><br><br><br>AC-2016-0013<br>CC-2016-0099<br>CC-2016-0107<br><br><br><br><br><br>CC-2016-0036<br>CC-2016-0037 | Certiorari<br><br>2017 TSPR 194<br><br>198 DPR ____ |

| | | |
|---|---|---|
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>Celso García Estrada; Alberto Avilés Virola; Wilfredy López Cedeño; Lelos Bus Line Corp.; Jabison López Cedeño; López Bus Line, Inc.; Luis Reyes Caraballo; Transporte Reyes Mar, Inc.<br><br>Recurridos | CC-2016-0343 | |
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>Transportación Escolar Félix Corp.; Felícita Félix Garay; William Vega Cotto; Aica School Transport Services, Inc.; Luis A. Ortiz Marrero; Transporte Escolar SS, Inc.; Jaime Ribera Cruz; Arenas Bus Line, Inc.; José Rivera Pérez; JLM Transporte, Inc.; José L. Méndez Candelaria; Yabucoa Bus Line, Inc. y Jorge Acevedo Arroyo<br><br>Recurridos | CC-2016-0366 | |

Fecha: 1 de diciembre de 2017

Región Judicial de San Juan

Abogados de las partes:

      Lcdo. Jesús Alvarado Rivera
      Lcda. Luz B Rodríguez Santiago
      Lcdo. Juan A. Félix Lozada
      Lcdo. Manuel Fernández Mejías

Lcdo. José Figueroa Sánchez
Lcda. Mónica Figueroa Ramos
Lcdo. Alberto Rodríguez Ramos
Lcdo. Juan Maldonado De Jesús
Lcdo. Michael Rivera Irizarry


Oficina del Procurador General:

Lcdo. Luis Román Negrón
Procurador General

Lcdo. Guillermo Mangual Amador
Procurador General Auxiliar


Materia: Derecho Administrativo - El Departamento de Asuntos al Consumidor tiene jurisdicción, conforme al Art. 19 de Ley de Monopolios, para atender querellas sobre asuntos monopolísticos de empresas que están reglamentadas por la Comisión de Servicio Público.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>María A. Jiménez Galarza; William Vega Cotto; Aica School Transport Services, Inc.; Luis A. Ortiz Marrero; Transporte Escolar SS, Inc.; Jaime Rivera Cruz; José Rivera Pérez; Alfonso González Nevárez<br><br>Recurridos | CC-2015-0988<br>cons. con<br>CC-2015-1017 |
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Recurridos<br><br>v.<br><br>David Lugo Beltrán, Pres. de Lugo Bus Line, Alberto Avilés Virola, Sergio Colón, Luis Ramírez Flores, Miguel Ramírez Vázquez, Ramón Orlando Ruiz Jiménez<br><br>Peticionarios | AC-2016-0013<br>CC-2016-0099<br>CC-2016-0107 |
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>Luz D. Colón Cintrón; Glenda Bus Line, Inc.; José R. Padilla Padilla; Vázquez Bus Line, Inc; Félix R. Vázquez Serrano; Carlos Pérez Justiniano; Luisito's Omnibus, Inc.; Evelyn Ramírez Lugo; Néstor González González,<br><br>Federación de Porteadores | CC-2016-0036<br>CC-2016-0037 |

Escolares de Puerto Rico, Inc.; Transporte Rosado, Inc.; José M. Rosado Rolón; Servicios de Transportación Juan Carlos, Inc.; Juan Carlos Fuentes

Recurridos
_____

Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico

Peticionarios

v.

Celso García Estrada; Alberto Avilés Virola; Wilfredy López Cedeño; Lelos Bus Line Corp.; Jabison López Cedeño; López Bus Line, Inc.; Luis Reyes Caraballo; Transporte Reyes Mar, Inc.

Recurridos
_____

Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico

Peticionarios

v.

Transportación Escolar Félix Corp.; Felícita Félix Garay; William Vega Cotto; Aica School Transport Services, Inc.; Luis A. Ortiz Marrero; Transporte Escolar SS, Inc.; Jaime Ribera Cruz; Arenas Bus Line, Inc.; José Rivera Pérez; JLM Transporte, Inc.; José L. Méndez Candelaria; Yabucoa Bus Line, Inc. y Jorge Acevedo Arroyo

Recurridos

CC-2016-0343

CC-2016-0366

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 1 de diciembre de 2017.

Los casos aquí consolidados nos brindan la oportunidad de expresarnos, por primera vez, sobre el alcance del Art. 19 de la Ley de Monopolios, infra. Particularmente nos requiere resolver si el Departamento de Asuntos del Consumidor (DACo) posee jurisdicción, conforme a lo dispuesto en el mencionado artículo, para atender querellas sobre presuntas violaciones a las leyes monopolísticas imputadas a un grupo de transportistas escolares, quienes están regulados por la Comisión de Servicio Público. Por los fundamentos que expondremos a continuación, resolvemos que el DACo tiene jurisdicción para resolver querellas sobre asuntos monopolísticos de empresas que están reglamentadas por la Comisión de Servicio Público.

I

A. CC-2015-0988 y CC-2015-1017

El 22 de enero de 2009, la porteadora escolar María A. Jiménez Galarza solicitó a la Comisión de Servicio Público aumentar su flota vehicular. Los porteadores escolares William Vega Cotto, AICA School Transport Services, Inc., Transporte Escolar SS, Inc., José Rivera Pérez y Alfonso González Neváres se opusieron. Por su parte, la Comisión de Servicio Público celebró una vista a la que comparecieron la señora Jiménez Galarza y los porteadores opositores. Durante un receso de la vista,

las partes acordaron que la señora Jiménez Galarza no participaría de ninguna subasta o proceso competitivo para ofrecer transportación escolar dentro del municipio de Cayey o desde Cayey. Como consecuencia, las partes presentaron una moción a la Comisión de Servicio Público con los acuerdos a los que habían llegado. Por ello, la Comisión aceptó la petición modificada de la señora Jiménez Galarza e incorporó los acuerdos a los que llegaron los transportistas.

B. <u>AC-2016-0013, CC-2016-0099 y CC-2016-0017</u>

El 30 de marzo de 2010, el porteador escolar David Lugo Beltrán solicitó a la Comisión de Servicio Público que se le autorizara a consolidar sus rutas en todas sus unidades y a añadir varios municipios a la ruta consolidada. Los porteadores escolares Alberto Avilés Virola, Sergio Colón Colón, Miguel Ramírez Vázquez, Luis A. Ramírez Flores y Ramón Orlando Ruiz Jiménez se opusieron. Tras varios trámites procesales, la Comisión celebró una vista. Durante un receso, las partes sostuvieron una reunión en la que acordaron que el señor Lugo Beltrán modificaría sus rutas y reduciría su flota vehicular. A raíz de esto, la representación legal del señor Lugo Beltrán y de los porteadores opositores presentaron ante la Comisión los acuerdos antes mencionados. Finalmente, la Comisión emitió una resolución en la que aceptó la petición modificada del señor Lugo Beltrán e incorporó los acuerdos a los que llegaron los transportistas.

C. <u>CC-2016-0036 y CC-2016-0037</u>

La Oficina de Asuntos Monopolísticos del Departamento de Justicia de Puerto Rico presentó tres querellas individuales en el DACo, las cuales fueron consolidadas por tratarse de la misma controversia. De la querella SJ-11584 surge que el porteador escolar Juan Padila Padilla solicitó a la Comisión de Servicio Público añadir unidades a su flota vehicular. Los porteadores escolares Luz D. Colón Cintrón, Glenda Bus Line, Inc., y Vázquez Bus Line, Inc., se opusieron a la solicitud presentada por el señor Padilla. Por su parte, la Comisión celebró una vista a la que comparecieron el señor Padilla Padilla y otros porteadores. Durante un receso, las partes sostuvieron una reunión en la que acordaron que el señor Padilla Padilla enmendaría su petición. De esta forma, las partes presentaron los acuerdos ante la Comisión y esta los incorporó a la resolución en la que autorizó la petición enmendada del señor Padilla Padilla.

Por su parte, la Oficina de Asuntos Monopolísticos alegó en la segunda querella, SJ-11585, que el porteador escolar Carlos A. Pérez Justiniano solicitó a la Comisión de Servicio Público añadir una unidad a su flota vehicular. Los porteadores Luisito's Omnibus Inc. y Eduardo Vélez Pellicier se opusieron a la enmienda propuesta. Por su parte, la Comisión celebró una vista, a la que comparecieron el señor Pérez Justiniano y otros porteadores. Durante un receso de la vista, las partes acordaron que el señor Pérez Justiniano enmendaría su solicitud para transportar estudiantes solamente a

ciertos colegios. Por último, se le prohibió que solicitara un aumento de las escuelas a las que ofrecía servicio y a su flota vehicular por un año. Además, se le prohibió presentar cualquier propuesta de licitación ante el Departamento de Educación.

Finalmente, de la tercera querella presentada por la Oficina de Asuntos Monopolísticos, SJ-111586, surge que el porteador Néstor González González solicitó a la Comisión de Servicio Público una enmienda a su autorización para operar como porteador no escolar, con el propósito de añadir unidades de mayor cabida para proveer transportación a lugares culturales y educativos alrededor de la isla. Los porteadores Transporte Rosado, Inc., Servicios de Transportación Juan Carlos, Inc. y la Federación de Porteadores Escolares de Puerto Rico, Inc. se opusieron a la enmienda. Sin embargo, previo a la celebración de la vista, las partes acordaron que el señor González González no utilizaría las nuevas unidades para servir como porteador escolar. Las partes sometieron el acuerdo a la Comisión y luego de evaluarlo, esta aprobó la enmienda a la autorización del operador.

### D. CC-2016-0343

El 1 de abril de 2009 el porteador escolar Celso García Estrada solicitó a la Comisión de Servicio Público que le autorizara a añadir unidades a su flota vehicular. Además, solicitó autorización para extender su área operacional. Ante esto, el Sr. Alberto Avilés Virola, el Sr. Wilfredy López Cedeño, Lelos Bus Line Corporation, el Sr. Jabison López Cedeño, López Bus Line Inc. y

Transporte Reyes, Mar, Inc. se opusieron. Por su parte, la Comisión celebró una vista para examinar la solicitud referida. Durante un receso, las partes sostuvieron una reunión en la que acordaron que el señor García Estrada modificaría su solicitud de autorización a los fines de modificar la extensión de su área operacional. Asimismo, solo podría transportar estudiantes mediante contratos privados con sus padres. Además, acordaron que el señor García Estrada no ofrecería sus servicios ni realizaría contratos para proveer cualquier tipo de transportación para estudiantes de las escuelas públicas que sean pagados con fondos del Departamento de Educación, u otros fondos estatales o federales. Tras evaluar el acuerdo y el expediente administrativo, la Comisión adoptó los acuerdos a los que llegaron los transportistas y concedió la autorización para que el señor García Estrada añadiera las unidades a su flota vehicular, sujeto a las limitaciones antes mencionadas.

E. **CC-2016-0366**

El 27 de agosto de 2012, Transportación Escolar Félix Corp. (Transportación Félix), solicitó autorización a la Comisión de Servicio Público para añadir unidades a su flota vehicular. A raíz de esto, los transportistas escolares William Vega Cotto, AICA School Transport, Inc., Transporte Escolar SS, Inc., Arenas Bus Line, Inc. y Yabucoa Bus Line, Inc. se opusieron. Como parte del proceso, la Comisión señaló una vista. Sin embargo, las partes se reunieron antes y acordaron que Transportación Félix modificaría su solicitud de autorización. Ante

esto, los transportistas opositores retiraron su oposición. Finalmente, la Comisión adoptó los acuerdos de los transportistas y autorizó la adición de un vehículo de cabida intermedia a la flota vehicular de Transportación Félix.

A raíz de los acuerdos señalados, la Oficina de Asuntos Monopolísticos presentó en el DACo querellas individuales contra todos los transportistas en cada uno de los casos señalados. Alegó que los acuerdos a los que llegaron los transportistas constituyeron violaciones del Art. 2 de la Ley para prohibir las prácticas monopolísticas y proteger la justa y libre competencia en los negocios y el comercio, según enmendada (Ley de Monopolios), Ley Núm. 77 de 25 de junio de 1964, 10 LPRA sec. 258, y de los Arts. III y IV del Reglamento sobre competencia justa número VII proscribiendo prácticas y métodos injustos de competencia y enumerando actos que constituyen métodos injustos de competencia, Reglamento Núm. 2648 del Departamento de Justicia de 29 de mayo de 1980. Ante esto, las partes en los distintos casos presentaron mociones de desestimación en las que alegaron que el DACo no tenía jurisdicción. En respuesta, el DACo se negó a desestimar las querellas presentadas por la Oficina de Asuntos Monopolísticos.

Inconformes con lo resuelto por DACo, los transportistas presentaron un recurso de revisión en el Tribunal de Apelaciones en el cual alegaron que esa agencia administrativa no tenía jurisdicción para dilucidar la querella presentada por la Oficina de

Asuntos Monopolísticos, según la excepción dispuesta en el Art. 19 de la Ley de Monopolios, 10 LPRA sec. 257 n. El foro apelativo intermedio revocó, ya que entendió que, en efecto, el DACo no tenía jurisdicción.

Por ello, el Estado y el DACo presentaron sus recursos por separado ante este foro. Argumentaron que el foro apelativo intermedio erró al determinar que el DACo carece de jurisdicción para atender las querellas. Por otro lado, en los casos consolidados AC-2016-0013, CC-2016-0099 y CC-2016-0017, el foro apelativo intermedio concluyó que DACo tenía jurisdicción para atender las querellas. Inconformes con esta determinación, los trasportistas escolares Luis A. Ramírez Flores, Miguel Ramírez Vázquez, Ramón Ruiz Jiménez, Sergio Colón Colón y David Lugo Beltrán recurrieron ante nos. Plantean que el DACo carecía de jurisdicción para atender estas querellas, según lo dispuesto en el Art. 19 de la Ley de Monopolios, supra.

Luego del trámite correspondiente, decidimos expedir los autos de certiorari y, por tratarse de la misma controversia, consolidamos todos los recursos presentados. Asimismo, señalamos una vista de argumentación oral para el 6 de diciembre de 2016. Con el beneficio de la argumentación oral y los alegatos de las partes procedemos a resolver la controversia que tenemos ante nuestra consideración.

II

El 11 de noviembre de 2016, los transportistas presentaron una moción en la que se opusieron a la

comparecencia del DACo, ya que esta es la agencia revisada. Según plantearon, de acuerdo a lo resuelto en Murphy Bernabe v. Tribunal Superior, 103 DPR 692 (1975), las agencias administrativas no tienen legitimación activa para convertirse en partes recurrentes cuando han actuado en su capacidad cuasi-judicial. Además, el DACo no comparece en representación de un consumidor ni para ejecutar uno de sus dictámenes, lo que lo facultaría a acudir a los tribunales. Art. 6(e)(f)(i) de la Ley Núm. 5 de 23 de abril de 1973, según enmendada, conocida como la Ley Orgánica del Departamento de Asuntos del Consumidor, 3 LPRA sec. 341(e)(f)(i).

Planteado esto, solicitamos a las partes que vinieran preparadas para discutir ese asunto en la vista oral. Tras la argumentación oral reafirmamos que salvo que la ley disponga otra cosa, las agencias pueden comparecer como parte únicamente: "(1) cuando sus decisiones implican la formulación de una política pública y la revisión de su decisión ante un tribunal puede constituir un ataque a esa política pública; y (2) cuando el organismo es afectado, [y] es 'parte interesada y perjudicada por la decisión de un tribunal que revisa sus actuaciones". Murphy Bernabe v. Tribunal Superior, supra, pág. 703. Véanse, además, Carrero v. Depto. de Educación, 141 DPR 830 (1996); D. Fernández Quiñones, Derecho administrativo y Ley de Procedimiento Administrativo Uniforme, 3ra ed. rev., Colombia, Ed. Forum, 2013, págs. 663-665 (sec. 8.14). La comparecencia del DACo cumple con esos dos requisitos porque lo que se ataca no es la

corrección de una decisión adjudicativa sino la jurisdicción de la agencia para atender la querella administrativa y decidir lo que corresponda. Eso convierte al DACo en parte interesada y afectada para recurrir al tribunal a reclamar y defender su autoridad, pues al cuestionarse su jurisdicción se afecta la política pública que se recoge en la Ley de Monopolios. Por eso, el DACo tiene legitimación activa para comparecer.

III

Para determinar si el DACo posee jurisdicción para atender las querellas aquí presentadas contra los transportistas por presuntas violaciones a la Ley de Monopolios, debemos examinar la ley orgánica de la Comisión de Servicio Público y la Ley de Monopolios.

A. Comisión de Servicio Público

La Ley de Servicio Público de Puerto Rico, Ley Núm. 109 de 28 de junio de 1962, según enmendada, 27 LPRA sec. 1001 et seq., creó la Comisión de Servicio Público. Esta agencia administrativa se creó ante la necesidad que existía de reglamentar y fiscalizar las operaciones de compañías que ofrecen servicios públicos, ya que estas son propensas a incurrir en excesos que serían perjudiciales al interés público. Viajes Gallardo v. Clavell, 131 DPR 275, 284-285 (1992). Es por esto que se facultó a la Comisión a "otorgar toda autorización de carácter público para cuyo otorgamiento no se haya fijado otro procedimiento de ley", además, se le autoriza a reglamentar las compañías de servicio público y de

porteadores por contrato. Art. 14(b) de la Ley de Servicio Público, 27 LPRA sec. 1101(b). Asimismo, está facultada para imponer multas administrativas y otras sanciones cuando se violenten las disposiciones de su ley habilitadora. Art. 14(a), 27 LPRA sec. 1101(a). También, se le facultó a adoptar los reglamentos necesarios para hacer cumplir con lo dispuesto en su ley orgánica. Art. 36 de la Ley de Servicio Público, 27 LPRA sec. 1123.

Cónsono con lo anterior, el Art. 23(a) de la Ley de Servicio Público, 27 LPRA sec. 1110(a), requiere que toda persona interesada en operar como compañía de servicio público o como porteador por contrato, tenga autorización de la Comisión de Servicio Público. La Comisión, de acuerdo a su ley orgánica, solo concederá autorizaciones para operar como compañía de servicio público o porteador por contrato cuando determine que "la misma es necesaria para o propia para el servicio, comodidad, conveniencia y seguridad pública". Art. 23(b), 27 LPRA sec. 1110(b). La ley indica también:

> (e) Si al examinar cualquier solicitud bajo esta sección la Comisión determina que el solicitante está capacitado, dispuesto y en condiciones de cumplir adecuadamente con las disposiciones aplicables de esta parte y con los requisitos y reglas aprobados por ella y que la conveniencia y necesidad pública actuales o futuras requirieren o requerirán las propuestas operaciones en la extensión en que han de ser autorizadas, le concederá autorización para todas o cualesquiera partes de las operaciones incluidas en la solicitud. La Comisión no concederá la autorización a ninguna compañía de servicio público o porteador por contrato cuando determinare, después de una audiencia, que dicha compañía o porteador por contrato inició o continuó sus operaciones cuando por esta parte exigía que se obtuviere una autorización para prestar tal

servicio específico. Art. 23(e) de la Ley de Servicio Público, 27 LPRA sec. 1110(e).

Además, el Art. 24(a)(b) de la Ley de Servicio Público, 27 LPRA 1111(a)(b), faculta a la Comisión a prescribir los términos y condiciones que entienda necesarios en las autorizaciones que otorgue y a reservarse el poder para enmendar, suspender o derogar cualquier autorización otorgada.

Por otro lado, con el poder de reglamentación que le otorgó su ley orgánica, la Comisión promulgó el Reglamento para la Transportación de Escolares, Reglamento Núm. 7190 de la Comisión de Servicio Público de 4 de agosto de 2006. El propósito de este reglamento es establecer los requisitos, términos y condiciones pertinentes al ofrecimiento de transportación escolar en la isla. Íd., sec. 1.03. Por su parte, la Sec. 3.01 de este reglamento especifica el proceso que deben seguir las personas interesadas en solicitar o enmendar autorizaciones para ofrecer transportación escolar en la isla. Como parte del proceso, los interesados tienen que demostrar la necesidad y conveniencia pública del servicio y la idoneidad del peticionario. De acuerdo al reglamento, la necesidad y conveniencia se demuestra "con el contrato para transportar escolares otorgados por el Departamento de Educación o por los municipios del Estado Libre Asociado de Puerto Rico". Íd. En el caso de las escuelas privadas la necesidad y conveniencia se demuestra "con los contratos para transportar escolares otorgados por las instituciones o por las cartas de endoso emitidas por los padres o instituciones privadas

(colegios, etc.) a los cuales se les brindará servicio". Íd. Este reglamento permite también, como parte del trámite de solicitud de autorización o enmienda, que personas u organizaciones interesadas se opongan a la solicitud. Íd., sec. 4.04(3). Una vez tenga toda la documentación necesaria, la Comisión hará la determinación correspondiente y establecerá

> [c]ualquier condición o restricción que estime pertinente, entre otras cosas, pero sin limitarse, al modelo, clase de vehículo de motor a utilizarse, el término de duración de la autorización, condiciones específicas que considere pertinente en cuanto al servicio a presentarse, forma de operar el vehículo escolar, la ruta autorizada en que habrá de prestarse el servicio y cualquier otra condición que estime pertinente. Íd., sec. 4.04(8).

De lo antes expuesto concluimos que la función de la Comisión de Servicio Público es reglamentar todo lo relacionado con la operación de empresas de servicio público y porteadores por contrato. Por lo tanto, la Comisión solamente tiene jurisdicción para atender aquellas querellas y procedimientos relacionados con esa materia. La jurisdicción para atender querellas por violación de la Ley de Monopolios no está entre sus funciones. Esta surge de la Ley de Monopolios.

**B. Art. 19 de la Ley de Monopolios**

La Ley de Monopolios se aprobó para evitar que ciertos grupos logren dominar el sector económico del país, mediante manipulaciones. Exposición de Motivos de la Ley de Monopolios, Ley Núm. 77 de 25 de junio de 1964 (1964 Leyes de Puerto Rico 248). Es por esto que, la ley condena los arreglos y prácticas anticompetitivas que

pongan en peligro los beneficios de la libre competencia. Aguadilla Paint Center v. Esso, 183 DPR 901, 924 (2011). Cónsono con lo anterior, la ley dispone que

> [t]odo contrato, combinación en forma de *trust* o en otra forma, o conspiración para restringir irrazonablemente los negocios o el comercio en el Estado Libre Asociado de Puerto Rico o en cualquier sector de éste, por la presente se declaran ilegales y toda persona que haga tales contratos o se comprometa en tales combinaciones o conspiraciones incurrirá en delito menos grave. Art. 2 de la Ley de Monopolios, supra.

Asimismo, el Art 3(a) de la Ley de Monopolios, 10 LPRA sec. 259(a), cataloga como ilegal "[l]os métodos injustos de competencia, así como las prácticas o actos injustos o engañosos en los negocios o el comercio". Con el fin de evitar las prácticas anticompetitivas, la Ley de Monopolios creó la Oficina de Asuntos Monopolísticos, entidad adscrita al Departamento de Justicia. Art. 16(a) de la Ley de Monopolios, 10 LPRA sec. 272(a). Esta entidad tiene la facultad de "proscribir actos o prácticas específicas, en forma general o en cualquier ramo [sic.] especial de los negocios o el comercio, de conformidad con la norma establecida en el inciso (a) de esta sección". Art. 3(b) de la Ley de Monopolios, 10 LPRA sec. 259(b). Además, la ley establece lo siguiente:

> (c) Sin menoscabo de la facultad de recurrir a los remedios autorizados por la sec. 269 de este título, la Oficina de Asuntos Monopolísticos podrá radicar y tramitar querellas administrativas en el Departamento de Asuntos del Consumidor para prevenir, evitar y detener las violaciones al inciso (a) de esta sección o los reglamentos aprobados de conformidad al inciso (b) de la misma.... Art. 3(c) de la Ley de Monopolios, 10 LPRA sec. 259(c).

No obstante, el Art. 19 de la Ley de Monopolios, supra, menciona unas entidades a las que no le aplica la legislación antimonopolística. En específico, el referido artículo indica:

> El régimen legal de las empresas de servicio público, las compañías de seguros y de otras empresas o entidades sujetas a reglamentación especial por el gobierno del Estado Libre Asociado de Puerto Rico o por el gobierno de los Estados Unidos, incluyendo las cooperativas, no será afectado por la presente ley [este capítulo], **excepto en cuanto a aquellos actos o contratos que no estén sujetos a la reglamentación del organismo público que gobierna las actividades de la empresa, entidad o cooperativa.** No obstante, ninguna fusión a adquisición de empresas existentes y en funcionamiento será aprobada por el organismo público estatal correspondiente sin el previo asesoramiento del Secretario de Justicia. [Énfasis nuestro.] Íd.

La letra de este artículo es clara al indicar que a los actos y contratos no reglamentados por la Ley de Servicio Público sí les aplica la legislación antimonopolística. Por lo tanto, DACo tiene jurisdicción para atender las querellas presentadas por violaciones antimonopolísticas contra personas y entidades reguladas por la Comisión de Servicio Público, siempre que los actos y contratos en controversia no estén reglamentados por esa agencia administrativa.

IV

La jurisdicción se define como la autoridad que tienen los tribunales y las agencias administrativas para evaluar y resolver los casos o controversias que son sometidos a su consideración. S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011); Pérez López y otros v. CFSE, 189 DPR 877, 882 (2013). Para que un

tribunal tenga jurisdicción en un caso particular es necesario que cuente con jurisdicción sobre la persona y la materia. C.E. Díaz Olivo, Litigación civil, Colombia, [s. Ed], 2016, pág. 19. La jurisdicción sobre la materia se refiere a la potestad que tienen los tribunales y las agencias administrativas para atender y resolver sobre la materia particular que trata la controversia que tienen ante su consideración. S.L.G. Solá-Moreno v. Bengoa Becerra, supra, pág. 682. Véase, además, Díaz Olivo, op. cit., pág. 19.

En el caso particular de las agencias administrativas, estas solo tienen aquellos poderes que le son conferidos en su ley orgánica. Pérez López v. CFSE, supra, pág. 883. Es por ello que para determinar si una agencia administrativa tiene jurisdicción sobre determinada controversia hay que analizar los poderes que le son otorgados en su ley habilitadora y aquellos poderes que son indispensables para llevar a cabo las facultades y funciones que le han sido conferidas. Íd.

Las agencias administrativas, al igual que los tribunales, no tienen discreción para asumir jurisdicción donde no la hay. Íd., pág. 883; Raimundi v. Productora, 162 DPR 215, 224 (2004); Martínez v. Junta de Planificación, 109 DPR 839, 842 (1980). Es por esto que en ocasiones anteriores hemos indicado que la necesidad, conveniencia o utilidad no pueden sustituir al estatuto como fuente de jurisdicción de una agencia administrativa. Raimundi v. Productora, supra, pág. 225. Véase, además, Pérez López v. CFSE, supra, págs. 883-884.

En este caso los transportistas llegaron a una serie de acuerdos para evitar competir entre sí, que fueron incorporados por la Comisión de Servicio Público a sus resoluciones, cuando esa agencia atendió las solicitudes de varios transportistas. La Ley de Servicio Público le da a la Comisión la autoridad para expedir las autorizaciones que se solicitaron, pero no le da a esa agencia la jurisdicción para atender si estos acuerdos entre los transportistas violan la Ley de Monopolios. Por eso, este tipo de acuerdos cae dentro de la excepción que crea el Art. 19 de la Ley de Monopolios, supra, y el DACo posee jurisdicción para atender las querellas que presentó la Oficina de Asuntos Monopolísticos del Departamento de Justicia.

Las determinaciones que hizo la Comisión de Servicio Público en cuanto a las solicitudes y enmiendas presentadas se basaron solamente en que los solicitantes demostraron la necesidad y conveniencia del servicio, y que son las entidades idóneas para ofrecerlo. En esencia, la Comisión concedió unos permisos sin oposición, luego que las partes acordaron retirar las objeciones y modificar las condiciones de cada solicitud. Los acuerdos entre los competidores solamente fueron relatados en las resoluciones de la Comisión de Servicio Público porque pusieron fin a las oposiciones presentadas por otros transportistas.

La facultad de la Comisión de Servicio Público para autorizar el transporte escolar no está bajo revisión en el DACo. En otras palabras, las autorizaciones que la

Comisión de Servicio Público dio siguen siendo válidas; lo que se evalúa en DACo no anula esas autorizaciones. Por eso, el proceso en DACo no se inmiscuye en la autoridad de la Comisión de Servicio Público para otorgar autorizaciones a los transportistas querellados. El DACo va a evaluar la legalidad de las negociaciones y acuerdos anticompetitivos entre los transportistas y no la legalidad de las autorizaciones que la Comisión concedió. Por eso, el ejercicio de la jurisdicción del DACo no contradice la facultad que la ley confiere a la Comisión de Servicio Público para conceder autorizaciones y enmiendas, con las limitaciones que entienda necesarias.

V

En vista de lo anterior, revocamos lo resuelto por el Tribunal de Apelaciones en los casos: CC-2015-0988 y CC-2015-1017; CC-2016-0036 y CC-2016-0037; CC-2016-0343, y CC-2016-0366, y los devolvemos al foro apelativo intermedio para que evalúe el resto de los señalamientos de error que fueron planteados ante ese foro. Por su parte, en los casos consolidados: AC-2016-0013, CC-2016-0099 y CC-2016-107, confirmamos la sentencia del Tribunal de Apelaciones.

Se dictará Sentencia de conformidad.

RAFAEL MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>María A. Jiménez Galarza; William Vega Cotto; Aica School Transport Services, Inc.; Luis A. Ortiz Marrero; Transporte Escolar SS, Inc.; Jaime Rivera Cruz; José Rivera Pérez; Alfonso González Nevárez<br><br>Recurridos | CC-2015-0988<br>cons. con<br>CC-2015-1017 |
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Recurridos<br><br>v.<br><br>David Lugo Beltrán, Pres. de Lugo Bus Line, Alberto Avilés Virola, Sergio Colón, Luis Ramírez Flores, Miguel Ramírez Vázquez, Ramón Orlando Ruiz Jiménez<br><br>Peticionarios | AC-2016-0013<br>CC-2016-0099<br>CC-2016-0107 |
| Oficina de Asuntos Monopolísticos del Departamento de Justicia y el Estado Libre Asociado de Puerto Rico<br><br>Peticionarios<br><br>v.<br><br>Luz D. Colón Cintrón; Glenda Bus Line, Inc.; José R. Padilla Padilla; Vázquez Bus Line, Inc; Félix R. Vázquez Serrano; Carlos Pérez Justiniano; Luisito's Omnibus, Inc.; Evelyn Ramírez Lugo; Néstor González González,<br><br>Federación de Porteadores | CC-2016-0036<br>CC-2016-0037 |

Escolares de Puerto Rico, Inc.;
Transporte Rosado, Inc.; José M.
Rosado Rolón; Servicios de
Transportación Juan Carlos,
Inc.; Juan Carlos Fuentes

Recurridos
_____

Oficina de Asuntos
Monopolísticos del Departamento
de Justicia y el Estado Libre
Asociado de Puerto Rico

Peticionarios

v.                                    CC-2016-0343

Celso García Estrada; Alberto
Avilés Virola; Wilfredy López
Cedeño; Lelos Bus Line Corp.;
Jabison López Cedeño; López
Bus Line, Inc.; Luis Reyes
Caraballo; Transporte Reyes Mar,
Inc.

Recurridos
_____

Oficina de Asuntos
Monopolísticos del Departamento
de Justicia y el Estado Libre
Asociado de Puerto Rico

Peticionarios

v.                                    CC-2016-0366

Transportación Escolar Félix
Corp.; Felícita Félix Garay;
William Vega Cotto; Aica School
Transport Services, Inc.; Luis
A. Ortiz Marrero; Transporte
Escolar SS, Inc.; Jaime Ribera
Cruz; Arenas Bus Line, Inc.;
José Rivera Pérez; JLM
Transporte, Inc.; José L. Méndez
Candelaria; Yabucoa Bus Line,
Inc. y Jorge Acevedo Arroyo

Recurridos

SENTENCIA

En San Juan, Puerto Rico, a 1 de diciembre de 2017.

Por los fundamentos expuestos, en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, revocamos lo resuelto por el Tribunal de Apelaciones en los casos: CC-2015-0988 y CC-2015-1017; CC-2016-0036 y CC-2016-0037; CC-2016-0343, y CC-2016-0366, y los devolvemos al foro apelativo intermedio para que evalúe el resto de los señalamientos de error que fueron planteados ante ese foro. Por su parte, en los casos consolidados: AC-2016-0013, CC-2016-0099 y CC-2016-107, confirmamos la sentencia del Tribunal de Apelaciones.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo