ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| BENJAMÍN GUZMÁN RIVERA,<br><br>Recurrente,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN,<br><br>Recurrida. | TA2025RA00140 | REVISIÓN procedente del Departamento de Corrección y Rehabilitación.<br><br>Núm. solicitud: CDB-316-25. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 13 de agosto de 2025.

El 4 de agosto de 2025, se recibió en este Tribunal la solicitud de revisión del recurrente, señor Benjamín Guzmán Rivera (señor Guzmán)[1]. Sin necesidad de discutir los méritos del recurso, nos vemos obligados a desestimarlo por haber sido presentado prematuramente. Nos explicamos.

El señor Guzmán presentó una solicitud de remedios administrativos ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de PR (DCR) el 5 de junio de 2025. No conforme con la determinación de la agencia, solicitó su reconsideración.

El 15 de julio, recibida por el señor Guzmán el 18 de julio de 2025, el DCR le contestó y **acogió la solicitud de reconsideración** instada. Además, apercibió al señor Guzmán de que la agencia contaba con un término de **30 días laborables** para atender y resolver su solicitud de reconsideración.[2] Es decir, la agencia aún cuenta con un término que no

---

[1] El recurso fue instado por derecho propio. Así pues, fue cargado al *Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones* (SUMAC TA) por Secretaría el 4 de agosto, y referido a nuestra atención el 11 de agosto de 2025.

[2] Conforme el apercibimiento, el término de 30 días laborables comenzaría a computarse a partir del recibo por el confinado de la contestación a su solicitud de reconsideración.

ha transcurrido[3] para atender en sus méritos la reconsideración presentada ante sí por el señor Guzmán.

Por nuestra parte, apercibimos al señor Guzmán de que la doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). Por tanto, de determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). A su vez, este Tribunal **no** puede conservar el recurso con el propósito de atenderlo y reactivarlo posteriormente. *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000).

Por su parte, la Regla 83(C) del Reglamento de este Tribunal de Apelaciones, según enmendado[4], nos permite desestimar un recurso o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83(B)(1) provee para la desestimación de un recurso por falta de jurisdicción.

Por tanto, y a la luz de la presentación prematura de este recurso, nos vemos obligados a **ordenar su desestimación**. Ello, sin perjuicio de

---

[3] Tomando en consideración los días festivos, el término vencería el miércoles, 3 de septiembre de 2025.

[4] Véase, *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025). Las enmiendas a nuestro reglamento entraron en vigor el 16 de junio de 2025.

que, una vez transcurridos los términos correspondientes, el señor Guzmán opte por comparecer ante nos.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones