ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| COMISIONADO DE SEGUROS DE PUERTO RICO, Recurrida, v. MAPFRE PRAICO INSURANCE COMPANY, Recurrente. | KLRA202300438 | REVISIÓN procedente de la Oficina del Comisionado de Seguros de Puerto Rico. Caso núm.: I-2022-73. Sobre: violación al Art. 27.161 (3)(4)(6) y (17) del Código de Seguros de Puerto Rico, 26 LPRA secs. 2716a (3)(4)(6) y (17). |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece la parte recurrente, MAPFRE PRAICO Insurance Company (MAPFRE), y nos solicita que revisemos la *Resolución* emitida por la recurrida, Oficina del Comisionado de Seguros de Puerto Rico (OCS), el 18 de julio de 2023, notificada el 19 de julio de 2023. Mediante la misma, la agencia recurrida declaró sin lugar una solicitud de desestimación presentada por MAPFRE y ordenó al foro de adjudicación que señalara la celebración de una vista administrativa.

Dado que la resolución recurrida no dispone de la totalidad de la controversia ante la agencia, nos encontramos ante un dictamen interlocutorio, no susceptible de revisión ante este Tribunal en esta etapa. En virtud de ello, **desestimamos** el presente recurso por falta de jurisdicción.

I

Con relación a una solicitud de investigación presentada por la señora Diana Carta Gerardino, la OCS notificó una orden contra MAPFRE

el 12 de octubre de 2022[1]. Mediante la misma, le imputó haber incurrido en violaciones a los Artículos 27.161 (3), (4), (6) y (17) del Código de Seguros de Puerto Rico, Ley Núm. 77 del 19 de junio de 1957, según enmendada, 26 LPRA sec. 101, *et seq.* En virtud de ello, ordenó a MAPFRE que resolviera el pago de la reclamación y presentara prueba ante la OCS en el término de veinte (20) días. Además, le impuso a la aseguradora una multa administrativa de $20,000.00.

Inconforme con la referida determinación, el 11 de noviembre de 2022, MAPFRE presentó una moción mediante la cual solicitó la desestimación de la reclamación, el archivo de la orden y una vista administrativa a tenor con el Art. 2.190 del Código de Seguros, 26 LPRA sec. 251[2]. Arguyó que la orden emitida por la OCS era *ultra vires* y en consecuencia nula. Adujo que la OCS carecía de autoridad para adjudicar una reclamación y ordenar su pago. Además, alegó que la multa no le había sido notificada de manera adecuada y no se le había ofrecido la oportunidad de objetarla, en violación a la reglamentación vigente. En la alternativa, solicitó la celebración de una vista administrativa que le permitiera demostrar que la reclamación había sido denegada correctamente.

Por su parte, el 17 de febrero de 2023, la OCS presentó su oposición a la solicitud de desestimación[3]. En ella, arguyó que tenía la facultad por virtud de ley para adjudicar los derechos y obligaciones de las partes contratantes conforme a los términos de una póliza de seguros y, por tanto, podía requerir el pago de una reclamación. Enfatizó que, mediante la aprobación del Código de Seguros, se le confirió el deber de reglamentar y fiscalizar la industria de seguros. Sostuvo que, en virtud de su deber ministerial de hacer cumplir las disposiciones del Código de Seguros, tenía

---

[1] *Véase*, apéndice del recurso, a las págs. 351-357. La señora Diana Carta Gerardino presentó la referida solicitud el 6 de septiembre de 2022, con el fin de que se investigara si la aseguradora había actuado correctamente al denegar el pago de una reclamación por concepto de hospitalización y traslado aéreo de su padre señor Edoardo Carta Garau, conforme a la póliza de seguro de viaje número 1221228013729.

[2] *Íd.*, a las págs. 20-40.

[3] *Íd.*, a las págs. 7-17.

la facultad de, entre otras acciones, atender las querellas que imputaran la comisión de prácticas contrarias al Código y a su reglamento. Por tanto, para atender las querellas que surgieran al amparo del Código de Seguros, resultaba necesario que recibiera prueba, pasara juicio y resolviera los asuntos específicos de la controversia ante su consideración.

Así pues, razonó que, al determinar que una aseguradora había violado alguna disposición del Código de Seguros, poseía la facultad para así declararlo conforme al trámite administrativo, ordenar el cese y desista de la conducta constitutiva de violación a las leyes y reglamentos, e imponer sanciones económicas o medidas correctivas como el pago de una reclamación. Conforme a lo anterior, arguyó que también tenía la facultad de ordenar el pago de una reclamación a la luz de los hechos y del contenido de la póliza. De lo contrario, estaría impedido de velar por el interés público y se vería frustrado su deber ministerial de salvaguardar la confianza que los consumidores depositan en el negocio de seguros.

Sometido el asunto, el 18 de julio de 2023, el Comisionado de Seguros, Alexander S. Adams Vega, emitió la resolución impugnada[4]. En ella, declaró sin lugar la solicitud de desestimación presentada por MAPFRE y ordenó al foro adjudicativo que señalara la correspondiente vista. Además, apercibió a la parte adversamente afectada que, de estar inconforme con su determinación, tenía derecho a los remedios administrativos provistos por la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601, *et seq.*, tales como la solicitud de reconsideración o la solicitud de revisión judicial.

Aún inconforme, el 18 de agosto de 2023, MAPFRE compareció ante nos y formuló los siguientes señalamientos de error:

> Erró la OCS al ordenar a un asegurador a reabrir una reclamación cerrada y sin autorización legal para realizar su propia investigación ex parte y resolver la reclamación ordenando una indemnización.

---

[4] *Véase*, apéndice del recurso, a las págs. 1-6.

Erró la OCS al disponer de una controversia de cubierta entre partes privadas sobre la cual no tiene jurisdicción adjudicativa, la cual está reservada a los tribunales.

(Énfasis omitido).

Por su parte, el 3 de octubre de 2023, la OCS compareció por conducto de la Oficina del Procurador General y solicitó la desestimación del recurso. En síntesis, adujo que el dictamen impugnado constituía una resolución interlocutoria no susceptible de revisión por este Tribunal. En particular, señaló que, contrario a lo propuesto por la parte recurrente, en el caso del título no se configuraba la clara falta de jurisdicción que activara la excepción que permitiría a este foro apelativo entender en el mismo. Finalmente, enfatizó que el proceso adjudicativo ante la OCS continuaba activo[5].

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción; también, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el

---

[5] Para el desglose de los trámites administrativos en curso, nos remitimos a la pág. 6 de la oposición al recurso presentada por la OCS el 3 de octubre de 2023.

recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Por su parte, la Regla 83(C) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), nos permite desestimar un recurso de apelación o denegar un auto discrecional, incluso a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83(B)(1) provee para la desestimación de un recurso por falta de jurisdicción.

B

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601, *et seq.*, en lo pertinente al recurso de revisión judicial, establece que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de **la orden o resolución final de la agencia** […].

Sec. 4.2 de la LPAUG, 3 LPRA sec. 9672. (Énfasis nuestro).

Por tanto, cónsono con la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, según enmendada, en su Art. 4.002 y 4.006(c), 4 LPRA secs. 24(u) y 24(y)(c), una vez el ente administrativo emite su **determinación final**, la parte afectada podrá comparecer ante este foro intermedio, mediante un recurso de revisión judicial.

Cabe recalcar que la Sec. 4.2 de la LPAUG es clara, a los efectos de que las órdenes y resoluciones **interlocutorias** de una agencia no son revisables directamente; ello incluye "aquellas que se emitan en procesos que se desarrollen por etapas". De querer impugnar una disposición interlocutoria, esta "podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia". 3 LPRA sec. 9672.

Ahora bien, "para que una orden o resolución sea considerada final, se requiere que esta le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes"[6]. *Crespo Claudio v. O.E.G.*, 173 DPR 804, 812-813 (2008). Además, debe incluir determinaciones de hechos, conclusiones de derecho y una advertencia sobre el derecho de solicitar la reconsideración o revisión. Igualmente, dicha determinación debe estar firmada por el jefe de la agencia o por algún funcionario autorizado para emitir la decisión final de la agencia. *Íd.*, a la pág. 813.

Así pues, "**el legislador se aseguró de que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia, de manera que no haya una intromisión de los tribunales a destiempo**". *Íd.* (Énfasis nuestro). Acorde con lo anterior, es evidente que es prematuro presentar un recurso de revisión judicial para impugnar una determinación administrativa que no es final. "Ello, a su vez, es cónsono con la finalidad del requisito de madurez empleado por los tribunales […]". *Íd.*

De otra parte, la propia LPAUG dispone que dicha norma tiene ciertas excepciones, es decir, detalla aquellas circunstancias en que el trámite administrativo podría ser eludido; a saber:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, **o cuando sea un caso claro de falta de jurisdicción de la agencia**, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Sec. 4.3 de la LPAUG, 3 LPRA sec. 9673. (Énfasis nuestro).

---

[6] En ese sentido, **un dictamen final es el que pone fin a todas las controversias presentadas ante el organismo administrativo**, "sin dejar pendiente una para ser decidida en el futuro". *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006). (Énfasis nuestro). La finalidad de una determinación administrativa puede equipararse a una sentencia en los procedimientos judiciales, "porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión". *Íd.*

Nótese que el estatuto dispone cinco supuestos conforme a los cuales un tribunal podrá relevar a una parte de tener que agotar alguno o todos los remedios administrativos provistos: (1) en el caso de que el remedio administrativo resulte inadecuado; (2) cuando requerir el agotamiento resulte en un daño irreparable al promovente y en el balance de intereses no se justifique agotar dichos remedios; (3) cuando se alegue la violación sustancial de derechos constitucionales; (4) cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos; o, (5) **cuando se trate de un caso claro de falta de jurisdicción de la agencia** o cuando sea un asunto de estricto derecho y la pericia administrativa resulte innecesaria. *ORIL v. El Farmer*, Inc., 204 DPR 229, 240 (2020).

C

La Oficina del Comisionado de Seguros es la entidad encargada de reglamentar todos los asuntos relacionados al negocio de los seguros en Puerto Rico. Ello, conforme a las facultades que le fueron delegadas por la Asamblea Legislativa a través de la Ley Núm. 77 de 19 de julio de 1957, según enmendada, 26 LPRA sec.101, *et seq.*, mejor conocida como el *Código de Seguros de Puerto Rico*. Véase, *ECP Incorporated v. OCS,* 205 DPR 268, 275 (2020).

Ahora bien, es preciso resaltar que en el campo del derecho administrativo "[la] ley habilitadora es el mecanismo legal mediante el cual se autoriza y se delega a la agencia administrativa los poderes necesarios para que actúe conforme al propósito perseguido por el legislador al crearla". *ECP Incorporated v. OCS,* 205 DPR, a la pág. 277, citando a *ASG v. Mun. San Juan*, 168 DPR 337, 343 (2006). En otras palabras, la autoridad que se le confiere a una agencia administrativa está sujeta a los poderes y las facultades que la Asamblea Legislativa le haya delegado a través de su ley habilitadora. *OCS v. CODEPOLA*, 202 DPR 842, 879 (2019); *Ayala Hernández v. Consejo Titulares*, 190 DPR 547, 559 (2014); *DACo v. AFSCME*, 185 DPR 1, 12 (2012).

De conformidad con este este principio, el Tribunal Supremo de Puerto Rico ha reiterado que una agencia "solo puede llevar a cabo las funciones que se le han encomendado legislativamente, aquellas que surgen de su actividad o encomienda principal y ejercer los poderes que sean indispensables para llevar a cabo sus deberes y responsabilidades". *OCS v. CODEPOLA*, 202 DPR, a la pág. 852, citando a *Ayala Hernández v. Consejo Titulares*, 190 DPR, a la pág. 559. Por lo tanto, las entidades administrativas no pueden actuar más allá de los poderes que le fueron concedidos por medio de su ley habilitadora, pues toda actuación administrativa que se exceda de tales poderes es considerada *ultra vires* y, consecuentemente, nula. *ECP Incorporated v. OCS,* 205 DPR, a la pág. 277.

En lo pertinente al caso del título, el Código de Seguros dispone en su Art. 2.010 para la creación del cargo del Comisionado de Seguros. 26 LPRA sec. 233. Además, en su Art. 2.030 regula lo relacionado a las funciones delegadas al Comisionado. A saber:

> (1) **El Comisionado tendrá la autoridad que expresamente se le confiera por las disposiciones de este Código o que resulten razonablemente implícitas de dichas disposiciones.**
> .         .         .         .         .         .         .         .
>
> (10) **El Comisionado dictará y notificará las órdenes que estime necesarias y adecuadas para hacer cumplir las disposiciones de este Código y de cualquier otra ley o reglamento administrado por éste.** La orden expresará sus fundamentos y las disposiciones legales de acuerdo con las cuales se dicta la orden o se intenta tomar acción. La orden indicará, además, la fecha en la cual la misma surtirá efecto.
> .         .         .         .         .         .         .         .
>
> (12) **El Comisionado podrá llevar a cabo las investigaciones y exámenes que considere necesarias para asegurar el cumplimiento de las disposiciones del Código, su Reglamento y las órdenes que ha emitido, y para obtener toda la información útil a la administración de éstas**. Para ello utilizará aquellos mecanismos que estime necesarios. La investigación o examen podrá extenderse a cualquier persona o entidad que tenga o haya tenido negocios de seguros y a aquellas entidades comerciales o empresas que tengan relación comercial con éstas. El alcance de la investigación o examen podrá extenderse fuera de la jurisdicción de Puerto Rico.
> .         .         .         .         .         .         .         .

(14) **El Comisionado tendrá el poder de adjudicar controversias sobre violaciones al Código o su Reglamento, cumpliendo para ello con el procedimiento dispuesto en la "Ley de Procedimiento Administrativo Uniforme"**

.        .        .        .        .        .        .        .

(17) El Comisionado tendrá la facultad de imponer sanciones y penalidades administrativas por violaciones a este Código y a los reglamentos aprobados en virtud de éste y dictar cualquier remedio pertinente autorizado en el Código.

26 LPRA sec. 235. (Énfasis nuestro).

III

La controversia medular ante nuestra consideración trata de la jurisdicción que podamos ostentar, en esta etapa, para entender en los méritos de la determinación interlocutoria de la agencia, cuya jurisdicción es cuestionada por la recurrente.

La contención de MAPFRE es que la OCS carecía de jurisdicción para dictar la orden impugnada, mediante la cual declaró sin lugar una moción de desestimación, ordenó la celebración de una vista administrativa, impuso a MAPFRE el pago de una reclamación y una multa por incumplimiento con varios artículos del Código de Seguros. En sus dos señalamientos de error, MAPFRE apunta que la OCS carecía de autoridad para disponer de una controversia sobre la cubierta de una póliza suscrita entre partes privadas, pues ello constituía un asunto de la exclusiva competencia de los tribunales de justicia.

Arguye que, si bien el Código de Seguros de Puerto Rico le concede a la OCS la autoridad para imponer multas a las aseguradoras por incurrir en prácticas desleales, según definidas en su Capítulo 7, 26 LPRA. secs. 701-706, **no** le confiere autoridad para adjudicar en sus méritos las reclamaciones relacionadas a la denegatoria de cubierta. Sostiene que al amparo del Art. 27.164 del Código de Seguros, 26 LPRA sec. 2716d, es el poder judicial quien viene llamado a atender las controversias en que se alegue haber sufrido daños como consecuencia de las actuaciones indebidas de una aseguradora.

Además, aduce que la falta de jurisdicción para atender la controversia era de tal magnitud que el propio Código de Seguros guardaba silencio al respecto, lo que había provocado la presentación del Proyecto de la Cámara 1533[7], mediante el cual se pretendía otorgar la referida autoridad al Comisionado. **No le asiste la razón.**

De conformidad con lo dispuesto en el Código de Seguros, la OCS es la entidad encargada de reglamentar todos los asuntos relacionados al negocio de los seguros en Puerto Rico. Para lograr esta encomienda, se creó el cargo del Comisionado de Seguros y, entre las facultades que le fueron conferidas, se le delegaron las siguientes: hacer cumplir las disposiciones del Código y llevar a cabo investigaciones y exámenes que considere necesarios para asegurar el cumplimiento de las disposiciones del Código. Además, este cuenta con la facultad de imponer sanciones o penalidades administrativas por violaciones al Código de Seguros. Aún más, tiene el poder de adjudicar controversias sobre violaciones al Código o a su reglamento. Por tanto, en virtud de las referidas disposiciones del Código de Seguros no podemos sino concluir que el Comisionado está facultado para ordenar el pago de una reclamación[8] y, en lo aquí pertinente, iniciar el trámite adjudicativo.

En el caso del título, el Comisionado emitió una *Orden* el 18 de julio de 2023, en la que denegó una moción de desestimación presentada por la aseguradora y **ordenó el señalamiento de una vista administrativa**. Por tanto, el Comisionado aún no ha dispuesto en los méritos y de manera final la controversia sobre las imputaciones contra MAPFRE por sus presuntas violaciones al Código de Seguros. En vista de ello, el efecto que

---

[7] El referido proyecto fue radicado el 17 de octubre de 2022, con el propósito de facultar al Comisionado de Seguros para determinar la valoración de daños en reclamaciones de seguros de propiedad y para aclarar que la diferencia en las cuantías de las partidas no se considerarán controversia para los fines del Art. 27.166(a) del Código de Seguros de Puerto Rico, 26 LPRA sec. 2716f, en cuanto al pago parcial o adelanto por reclamaciones ante un evento catastrófico.

[8] Tanto en la *Resolución* impugnada como en su escrito de oposición la OCS planteó que esta controversia había sido atendida previamente por otro panel de este Tribunal. Adujo que el panel hermano concluyó que la OCS sí contaba con la facultad para ordenar el pago de una reclamación, una vez evaluados los hechos y el contenido de una póliza. Véase, *Oficina del Comisionado de Seguros de Puerto Rico v. United Surety & Indemnity Company*, KLRA201001055.

tuvo la *Orden* impugnada fue encausar el procedimiento administrativo de adjudicación y **no** culminar las controversias entre las partes. Es decir, no nos encontramos ante una **clara de falta de jurisdicción de la agencia**, que justifique nuestra intervención en esta etapa interlocutoria.

Cual apuntado, resulta prematuro presentar un recurso de revisión judicial para impugnar una determinación administrativa que no es final. En el caso ante nos, **por tratarse de la denegatoria de una solicitud de desestimación, queda pendiente de resolución la controversia principal:** si MAPFRE violó los artículos del Código de Seguros, según imputado, y si procede tanto el pago de la multa como de la reclamación**.** Lo anterior necesariamente implica que nos encontramos ante una resolución interlocutoria no susceptible de revisión por este Tribunal de conformidad con la Sec. 4.2 de la LPAUG, 3 LPRA sec. 9671. De interesar impugnar la disposición final de las controversias ante la OCS, las mismas podrán ser objeto de señalamientos de error en el recurso de revisión de la orden o resolución final de la agencia; la supuesta actuación *ultra vires* de la agencia, inclusive.

IV

Por virtud de los fundamentos expuestos, **desestimamos** el presente recurso por falta de jurisdicción. La *Orden* impugnada es de naturaleza interlocutoria y, en consecuencia, no susceptible de revisión por este Tribunal en esta etapa de los procedimientos.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
