ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FÉLIX J. CRUZ CARRASQUILLO, <br><br> Recurrida, <br><br> v. <br><br> NORTHWESTERN SELECTA, INC., <br><br> Recurrente. | KLRA202400148 | REVISIÓN <br> Procedente de la Oficina de Mediación y Adjudicación del Departamento del Trabajo (OMA). <br><br> Caso OMA Núm.: AC-22-076. <br><br> Sobre: <br> licencia por enfermedad (Ley Núm. 180-1998). |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2024.

El 21 de marzo de 2024, la parte recurrente, Northwestern Selecta, Inc., presentó el recurso del título[1]. En él, solicita que revoquemos la *Resolución Interlocutoria y Orden* dictada y notificada el 13 de marzo de 2024, por la Oficina de Mediación y Adjudicación (OMA) del Departamento del Trabajo y Recursos Humanos de Puerto Rico. En su determinación, la OMA concluyó que existían hechos materiales en controversia que impedían la adjudicación sumaria de la acción administrativa[2]. En virtud de ello, señaló la vista en su fondo para el 17 de abril de 2024.

Resulta evidente que la resolución interlocutoria recurrida no dispone de la totalidad de la controversia ante la agencia, por lo que nos encontramos ante un dictamen interlocutorio, no susceptible de revisión ante este Tribunal en esta etapa. En virtud de ello, **desestimamos** el presente recurso por falta de jurisdicción[3].

---

[1] En esa misma fecha, el recurrente presentó una *Moción en auxilio de jurisdicción solicitando la paralización de los procedimientos ante la OMA*, la cual fue atendida el mismo 21 de marzo, y declarada sin lugar.

[2] La solicitud de disposición sumaria fue instada por la parte recurrente.

[3] Disponemos del recurso prescindiendo de la comparecencia de la parte recurrida, conforme nos autoriza la Regla 7(b)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B.

Número Identificador

SEN2024 _____

## I

### A

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción; también, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

De otra parte, la falta de jurisdicción sobre la materia: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente otorgarle jurisdicción sobre la materia a un tribunal ni el tribunal lo puede hacer *motu proprio*; (3) los dictámenes son nulos (nulidad absoluta); (4) los tribunales deben auscultar su propia jurisdicción; (5) los tribunales apelativos deben examinar la jurisdicción del foro de donde procede el recurso; y, (6) el planteamiento sobre jurisdicción sobre la materia puede hacerse en cualquier etapa del procedimiento por cualquiera de las partes o por el tribunal *motu proprio*. *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

Por su parte, la Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(c), nos permite desestimar un recurso de apelación o denegar un auto discrecional, incluso a iniciativa propia, por los motivos consignados en el inciso (b) de la Regla 83. En específico, la Regla 83(b)(1) provee para la desestimación de un recurso por falta de jurisdicción.

### B

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601, *et seq.*, en lo pertinente al recurso de revisión judicial, establece que:

> **[u]na parte adversamente afectada por una orden o resolución final de una agencia** y que haya agotado todos

los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de **la orden o resolución final de la agencia** […].

Sec. 4.2 de la LPAUG, 3 LPRA sec. 9672. (Énfasis nuestro).

Por tanto, cónsono con la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, según enmendada, en su Art. 4.002 y 4.006(c), 4 LPRA secs. 24(u) y 24(y)(c), una vez el ente administrativo emite su **determinación final**, la parte afectada podrá comparecer ante este foro intermedio, mediante un recurso de revisión judicial.

Cabe recalcar que la Sec. 4.2 de la LPAUG es clara, a los efectos de que las órdenes y resoluciones **interlocutorias** de una agencia no son revisables directamente; ello incluye "aquellas que se emitan en procesos que se desarrollen por etapas". De querer impugnar una disposición interlocutoria, esta "podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia". 3 LPRA sec. 9672.

Ahora bien, "para que una orden o resolución sea considerada final, se requiere que esta le ponga fin al caso ante la agencia y que tenga efectos sustanciales sobre las partes"[4]. *Crespo Claudio v. O.E.G.*, 173 DPR 804, 812-813 (2008). Además, debe incluir determinaciones de hechos, conclusiones de derecho y una advertencia sobre el derecho de solicitar la reconsideración o revisión. Igualmente, dicha determinación debe estar firmada por el jefe de la agencia o por algún funcionario autorizado para emitir la decisión final de la agencia. *Íd.*, a la pág. 813.

Así pues, "**el legislador se aseguró de que la intervención judicial se realizara después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes**

---

[4] En ese sentido, **un dictamen final es el que pone fin a todas las controversias presentadas ante el organismo administrativo**, "sin dejar pendiente una para ser decidida en el futuro". *Comisionado Seguros v. Universal*, 167 DPR 21, 29 (2006). (Énfasis nuestro). La finalidad de una determinación administrativa puede equipararse a una sentencia en los procedimientos judiciales, "porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión". *Íd.*

**ante la agencia, de manera que no haya una intromisión de los tribunales a destiempo**". *Crespo Claudio v. O.E.G.*, 173 DPR, a la pág. 813. (Énfasis nuestro). Acorde con lo anterior, es evidente que es prematuro presentar un recurso de revisión judicial para impugnar una determinación administrativa que no es final. "Ello, a su vez, es cónsono con la finalidad del requisito de madurez empleado por los tribunales […]". *Íd.*

De otra parte, la propia LPAUG dispone que dicha norma tiene ciertas excepciones, es decir, detalla aquellas circunstancias en que el trámite administrativo podría ser eludido; a saber:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, **o cuando sea un caso claro de falta de jurisdicción de la agencia**, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Sec. 4.3 de la LPAUG, 3 LPRA sec. 9673. (Énfasis nuestro).

Nótese que el estatuto dispone cinco supuestos conforme a los cuales un tribunal podrá relevar a una parte de tener que agotar alguno o todos los remedios administrativos provistos: (1) en el caso de que el remedio administrativo resulte inadecuado; (2) cuando requerir el agotamiento resulte en un daño irreparable al promovente y en el balance de intereses no se justifique agotar dichos remedios; (3) cuando se alegue la violación sustancial de derechos constitucionales; (4) cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos; o, (5) **cuando se trate de un caso claro de falta de jurisdicción de la agencia** o cuando sea un asunto de estricto derecho y la pericia administrativa resulte innecesaria. *ORIL v. El Farmer*, Inc., 204 DPR 229, 240 (2020).

II

La controversia medular ante nuestra consideración trata de la jurisdicción que podamos ostentar, en esta etapa, para entender en los méritos de la determinación interlocutoria de la agencia.

En el caso del título, la OMA denegó la solicitud de la resolución sumaria del caso. Mediante su correctamente intitulada *Resolución Interlocutoria y Orden*, concluyó que existían hechos en controversia, que justificaban la celebración de una vista en su fondo, la cual pautó para el 17 de abril de 2024. Es decir, el efecto que tuvo la resolución interlocutoria de la OMA fue encausar el procedimiento administrativo de adjudicación y **no** culminar las controversias entre las partes. De otra parte, de ninguna forma nos encontramos ante una clara de falta de jurisdicción de la agencia, que justifique nuestra intervención en esta etapa interlocutoria.

Cual apuntado, resulta prematuro presentar un recurso de revisión judicial para impugnar una determinación administrativa que no es final. En el caso ante nos, **por tratarse de la denegatoria de una solicitud de desestimación sumaria, queda pendiente de resolución la controversia traída a la atención de la agencia.** Lo anterior necesariamente implica que nos encontramos ante una resolución interlocutoria no susceptible de revisión por este Tribunal de conformidad con la Sec. 4.2 de la LPAUG, 3 LPRA sec. 9671. De interesar impugnar la disposición final de las controversias ante la OMA, las mismas podrán ser objeto de señalamientos de error en el recurso de revisión de la orden o resolución final de la agencia.

IV

Por virtud de los fundamentos expuestos, **desestimamos** el presente recurso por falta de jurisdicción. La *Resolución y Orden* impugnada es de naturaleza interlocutoria y, en consecuencia, no susceptible de revisión por este Tribunal en esta etapa de los procedimientos.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones