ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| MICHAEL TRICOCHE MATOS y NORDELYS RIVERA CARMONA,<br><br>Recurrida,<br><br>v.<br><br>LUIS FREIRE DIV. OF K.M.A. ASSOCIATE OF PR, INC.,<br><br>Recurrente. | KLRA202400348 | REVISIÓN procedente del Departamento de Asuntos del Consumidor.<br><br>Querella núm.: SAN-2023-0014695.<br><br>Sobre:<br>contrato de obras y servicios. |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 11 de julio de 2024.

La parte recurrente, Luis Freire Div. of KMA Associates of PR, Inc., nos solicita que revoquemos la *Resolución* emitida el 29 de abril de 2024, por el Departamento de Asuntos del Consumidor (DACo), notificada en esa misma fecha. Mediante la misma el DACo ordenó a la parte recurrente a realizar un pago de $3,500.00, y ciertos arreglos a la residencia de Michael Tricoche Matos y Nordelys Rivera Carmona, parte recurrida.

Por los fundamentos expuestos a continuación, desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

I

En lo pertinente, el **29 de abril de 2024,** el DACo emitió y notificó a las partes del título la *Resolución* final objeto de controversia[1]. Entre otros asuntos, la misma les apercibía de su derecho a solicitar reconsideración ante la agencia y especificaba que la referida solicitud debía hacerse, **por escrito, mediante correo postal o de manera presencial**. No obstante, el **17 de mayo de 2024**, la parte recurrente sometió una moción de

---

[1] *Véase*, apéndice del recurso, a las págs. 31-40.

Número identificador

SEN2024_____

reconsideración a través del Sistema Integrado de Asuntos del Consumidor (SIAC)[2].

El **7 de junio de 2024**, la parte recurrente presentó una moción aclaratoria[3]. En su escrito, alegó que, el **6 de junio de 2024**, acudió al DACo y le informaron que su moción no aparecía en el sistema, por lo que debía dejar una copia de la moción con una nota sobre la situación. En apoyo a su moción, adjuntó una foto de la nota, copia del correo electrónico en el que notificaba a la parte recurrida de la presentación de su reconsideración, así como una copia de la notificación que emitió el SIAC, con la información de la moción de reconsideración presentada el 17 de mayo de 2024[4]. Finalmente, solicitó a la agencia que considerara el 7 de junio de 2024, como fecha de inicio del término de quince (15) días con los que contaba para la evaluación y adjudicación de la moción.

Por su parte, el **26 de junio de 2024**, la recurrida presentó una moción mediante la cual, entre otros asuntos, expresó su oposición a la reconsideración[5]. En particular, sostuvo que **la moción de reconsideración no había sido presentada ante el DACo por correo postal, ni de manera presencial, por lo que la agencia no había recibido la misma dentro del término para ello y, por tanto, no contaba con jurisdicción para atenderla**.

No surge del apéndice del recurso resolución alguna del DACo con relación a esta controversia; tampoco surge una denegatoria de la solicitud de reconsideración, por lo que la parte recurrente concluyó que su solicitud había sido rechazada de plano y procedió a instar este recurso.

---

[2] *Véase*, apéndice del recurso, a las págs. 25-30. Copia de la moción parece haber sido notificada a la abogada de la parte recurrida en esa misma fecha. *Íd.*, a la pág. 25. Igualmente, el sistema automatizado del DACo emitió una notificación electrónica sobre la presentación de la moción de reconsideración el mismo 17 de mayo de 2024; esta no fue copiada a la representante legal de la parte querellante, aquí recurrida. *Íd.*, a las págs. 29-30.

[3] *Íd.*, a las págs. 14-24.

[4] *Íd.*, a las págs. 21-25.

[5] *Íd.*, a las págs. 1-5.

Ahora bien, examinado el escrito de la parte recurrente, así como los documentos anejados al mismo, prescindimos de la comparecencia de la parte recurrida[6] y resolvemos.

II

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Al igual que un recurso presentado prematuramente, un **recurso tardío** adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

Ahora bien, de determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, a la pág. 855. Por su parte, la Regla 83(c) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (b) de la Regla 83. En específico,

---

[6] Ello, conforme a la Regla 7(b)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *Véase*, 4 LPRA Ap. XXII-B, R. 7(b)(5).

la Regla 83(c)(1) provee para la desestimación de un pleito por falta de jurisdicción.

III

Al evaluar el recurso de revisión ante nuestra consideración, determinamos que procede su desestimación. En esta ocasión, el recurso de la parte recurrente ha sido presentado fuera del término dispuesto para ello. Nos explicamos.

Tal como expusimos, el DACo notificó a las partes del título su *Resolución* final el 29 de abril de 2024. En la referida resolución, apercibió claramente a las partes de su derecho a solicitar la reconsideración; además, explícitamente aclaró que la misma debía solicitarse **por escrito y entregarse mediante correo postal o de manera presencial**. En específico, sobre el derecho a reconsideración y revisión judicial, el apercibimiento disponía lo siguiente:

> **Toda parte afectada por la presente Resolución podrá solicitar Reconsideración al DACO y/o acudir en Revisión Judicial ante el Tribunal de Apelaciones. Lea con atención los apercibimientos que se detallan a continuación para hacer uso de estos derechos**.
>
> . . . . . . . . . . .
>
> Si la parte interesada opta por solicitar una Reconsideración, su solicitud DEBERÁ SER POR ESCRITO. Se recomienda incluir la palabra "Reconsideración" como título del documento, **el cual podrá presentarse de modo presencial, o enviarse por correo postal**. **Copia de la Reconsideración deberá ser notificada a la otra parte dentro de los (20) días antes indicados, y deberá certificar dicha gestión ante el DACo**[7].
>
> . . . . . . . . . . .

(Énfasis y mayúsculas en el original).

La parte recurrente hizo caso omiso a la referida instrucción y envió su moción de reconsideración por el SIAC. Por tanto, el DACo no la recibió oportunamente y su presentación por el SIAC no tuvo el efecto de interrumpir el término de treinta (30) días, contados a partir del archivo en autos de copia de la resolución final, para acudir ante este Tribunal de

---

[7] *Véase*, apéndice del recurso, a la pág. 40.

Apelaciones. En consecuencia, la presentación de su recurso resulta, evidentemente, tardía.

Enfatizamos que, cuando se presenta un recurso tardío, este adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre, puesto que su presentación carece de eficacia y no produce ningún efecto jurídico.

IV

Por los fundamentos expuestos, desestimamos el presente recurso de revisión judicial por falta de jurisdicción, por este haber sido presentado de manera tardía.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones