ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| COOPERATIVA DE DUEÑOS DE LABORATORIOS CLÍNICOS PRIVADOS DE PUERTO RICO, <br><br> Recurrida, <br><br> v. <br><br> FISRT MEDICAL HEALTH PLAN, INC., <br><br> Recurrente. | KLRA202400376 | REVISIÓN procedente de la Administración de Seguros de Salud, Secretaría de Procedimiento Administrativo. <br><br> Querella núm.: 23-PV-01-797. <br><br> Sobre: cobro de dinero. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 29 de agosto de 2024.

First Medical Health Plan, Inc. (First Medical), nos solicita que revisemos y revoquemos la *Orden* emitida por la Administración de Seguros de Salud de Puerto Rico (ASES) el 17 de junio de 2024. Mediante el referido dictamen ASES declaró sin lugar la solicitud de desestimación presentada por First Medical el 18 de abril de 2024.

Por los fundamentos que expondremos a continuación, **confirmamos** la orden recurrida[1].

I

El 31 de enero de 2024, la Cooperativa de Dueños de Laboratorios Clínicos Privados de Puerto Rico (COOPLAB) presentó una querella ante la ASES[2]. En ella, alegó que First Medical había incumplido con las Cartas Normativas Núm. 20-04-01 y 20-1110, sobre los códigos de procedimientos

---

[1] Como regla general, nos vemos impedidos de revisar determinaciones administrativas de carácter interlocutorio. No obstante, *la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada (LPAUG), establece en su Sección 4.3 que los tribunales podrán preterir algún o cualquier trámite administrativo cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y resulte innecesaria la pericia administrativa. 3 LPRA sec. 9673. En esta ocasión, la parte recurrente adujo la total falta de jurisdicción de la ASES, por lo que nuestra sentencia se limitará a la revisión de este asunto.

[2] *Véase*, apéndice del recurso, a las págs. 1-5.

Número identificador

SEN2024_____

de laboratorios para la detección del Covid-19. En atención a ello, el 26 de marzo de 2024, ASES notificó a First Medical de la referida querella y le ordenó que contestara.

No obstante, el 18 de abril de 2024, First Medical presentó una moción de desestimación de la querella[3]. Alegó que la ASES carecía de jurisdicción para atender el recurso presentado por COOPLAB, dado que no había agotado los remedios disponibles. Ello, según lo dispone el Reglamento Núm. 9068[4] y las cláusulas que surgían del contrato suscrito entre ASES y First Medical, y del contrato entre First Medical y los proveedores, a quienes COOPLAB pretendía representar. De igual forma, planteó que COOPLAB no satisfacía los requisitos de legitimación activa, por lo que su querella resultaba improcedente.

En lo pertinente, el 14 de junio de 2024, COOPLAB presentó su oposición a la solicitud de desestimación[5]. En síntesis, sostuvo que, contrario a lo planteado por First Medical, sí ostentaba capacidad para representar a sus socios conforme la Núm. Ley 239-2004, según emendada, 5 LPRA sec. 4381, *et seq.* En cuanto al planteamiento sobre el agotamiento de remedios, arguyó que la agencia debía prescindir del requisito por considerar que este resultaba inadecuado. Añadió que, en esta ocasión, la controversia giraba en torno a la interpretación de las cartas normativas emitidas por la ASES. Por tanto, correspondía a la referida agencia expresarse sobre su alcance.

El 17 de junio de 2024, la ASES emitió una orden en la que declaró sin lugar la moción de desestimación presentada por First Medical y ordenó la continuación de los procedimientos.

Inconforme con la referida determinación, el 15 de julio de 2024, First Medical compareció y formuló los siguientes señalamientos de error:

Erró ASES al declarar "no ha lugar" la moción de desestimación por falta de jurisdicción y al declarase con

---

[3] *Véase*, apéndice del recurso, a las págs. 7-12.

[4] Se refiere al Reglamento Núm. 9068 del 25 de febrero de 2019, intitulado *Reglamento General de la Administración de Seguros de Salud de Puerto Rico.*

[5] *Véase*, apéndice del recurso, a las págs. 28-37.

jurisdicción para atender la querella presentada por la cooperativa.

Erró ASES al declarar "no ha lugar" la moción de desestimación y en consecuencia sostener que la cooperativa tiene legitimación activa.

(Énfasis omitido).

Tras varias incidencias procesales, el 15 de agosto de 2024, COOPLAB presentó su escrito en oposición a la solicitud de revisión judicial[6].

Con el beneficio de la comparecencia de las partes, resolvemos.

II

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

En lo pertinente al recurso ante nos, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601, *et seq.*, dispone en su Sección 4.2 que solo podrán ser objeto de revisión judicial las órdenes o resoluciones finales de una agencia.

.		.		.		.		.		.		.		.

> Una orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia.
> .		.		.		.		.		.		.		.

3 LPRA sec. 9672.

---

[6] El 30 de julio de 2024, la parte recurrente presentó una moción en auxilio de jurisdicción. El 6 de agosto de 2024, emitimos una resolución y declaramos sin lugar la referida solicitud.

No obstante, el Tribunal Supremo de Puerto Rico ha establecido que el trámite administrativo se puede preterir en ciertas circunstancias.

.    .    .    .    .    .    .    .

**[E]l tribunal puede prescindir del trámite administrativo cuando se impugne la jurisdicción del foro administrativo y de las alegaciones se desprende claramente que la agencia no tiene jurisdicción.** Dicha doctrina parte de la premisa que si la agencia no tiene jurisdicción, su actuación es *ultra vires* y es innecesario agotar los remedios provistos. Además, cuando se trata de un caso claro de falta de jurisdicción, el asunto es enteramente de la competencia judicial.

.    .    .    .    .    .    .    .

*J. Exam. Tec. Med. v. Elias et al.*, 144 DPR 483, 492 (1997). (Énfasis nuestro).

El Tribunal Supremo expresó que, cuando una agencia claramente no tiene jurisdicción para adjudicar un caso, su actuación es *ultra vires.* Por tanto, sería injusto requerir que una parte tenga que litigar un caso en una agencia sin jurisdicción únicamente para cumplir con el requisito de finalidad. *Íd.*, a la pág. 493.

De otra parte, resaltamos que otra de las doctrinas de autolimitación derivadas del principio de "caso o controversia" es la legitimación de la parte o partes que acuden ante los foros judiciales. En lo pertinente a la controversia aquí planteada, cuando la parte litigante es una asociación, esta tiene legitimación para solicitar la intervención judicial por los daños sufridos por la agrupación y para vindicar los derechos de la entidad. *Fund. Surfrider y otros v. A.R.Pe,* 178 DPR 563, 572-573 (2010). Por tanto, en nuestro ordenamiento jurídico cuando la asociación comparece en defensa de sus intereses, le corresponde demostrar un daño claro, palpable, real, inmediato, preciso, no abstracto o hipotético a su colectividad. *Íd.* La agrupación también puede acudir al foro judicial a nombre de sus miembros, aunque esta no haya sufrido daños propios. A tales efectos, el Tribunal Supremo de Puerto Rico estableció que, cuando una asociación u organización litiga a nombre de sus miembros, tiene que demostrar que: (1) el miembro tiene legitimación activa para demandar a nombre propio; (2) los intereses que se pretenden proteger están relacionados con los

objetivos de la organización, y (3) la reclamación y el remedio solicitado no requieren la participación individual. *Fund. Surfrider y otros v. A.R.Pe,* 178 DPR, a la pág. 573.

III

En síntesis, la parte recurrente aduce que la ASES carece de jurisdicción para atender la controversia planteada por COOPLAB en su querella del 31 de enero de 2024. A su vez, sostiene que la parte recurrida carece de legitimación activa para presentar la aludida queja ante cualquier foro adjudicativo.

En cuanto a la jurisdicción de la ASES, la parte recurrente arguye que COOPLAB no agotó el trámite administrativo. Ello, en contravención a lo dispuesto en el Artículo 14 del *Reglamento General de la Administración de Seguros de Salud de Puerto Rico*, Reglamento Núm. 9068 del 25 de febrero de 2019, el cual dispone que la ASES solo tendrá jurisdicción una vez agotados los mecanismos inferiores de revisión. También, señala que de los contratos suscritos entre la ASES y First Medical surge todo lo relacionado al proceso de disputa. En específico, que las cláusulas citadas disponen los términos aplicables para presentar querellas ante la agencia sobre resoluciones emitidas por la organización de seguros salud en casos de impago. Por tanto, concluye que COOPLAB incumplió con el proceso pactado, lo cual también priva de jurisdicción a la ASES.

Por su parte, COOPLAB sostiene que la ASES consolidó la querella contra la parte recurrente con distintas querellas presentadas contra otras aseguradoras, en virtud de que la médula del caso requiere que la agencia se exprese sobre el alcance y requerimientos de sus propias Cartas Normativas. Resalta que los proveedores de servicios de salud, como los laboratorios clínicos socios de COOPLAB, no son parte de los contratos citados por la parte recurrente. Sostiene que al declarar sin lugar la moción de desestimación, la ASES acogió su planteamiento respecto a que no tenía que agotar los mecanismos inferiores de revisión.

En cuanto al señalamiento sobre la falta de legitimación activa, la parte recurrente sostiene que COOPLAB no cumple con los requisitos de la legitimación activa de asociaciones. En síntesis, arguye que los proveedores no han sufrido un daño en la medida en que no han recibido una determinación adversa final de First Medical. Es decir, que el daño alegado solo se concretizará luego de haber iniciado el proceso de disputas que la ASES le exige a First Medical tener disponible.

En cuanto al señalamiento sobre falta de legitimación activa, COOPLAB arguye que su capacidad para representar a sus miembros es estatutaria. En específico, que esta surge de la *Ley General de Sociedades Cooperativas de Puerto Rico de 2004*, según enmendada, Ley Núm. 239-2004, 5 LPRA sec. 4381, *et seq*[7]. En la alternativa, sostuvo que cumplía con todos los requisitos doctrinales de legitimación activa de las asociaciones. En particular, sostuvo que sus socios han sufrido un daño claro y palpable como consecuencia del impago de First Medical, lo cual se intenta vindicar a través de la querella presentada ante ASES al amparo de su reglamento general.

Ahora bien, tal como discutimos, un tribunal puede prescindir del trámite administrativo cuando se impugne la jurisdicción del foro administrativo y de las alegaciones se desprenda claramente que la agencia no tiene jurisdicción. En este caso, sin embargo, contrario a lo planteado por la parte recurrente, no nos encontramos ante una cabal falta de jurisdicción de la agencia recurrida. Por el contrario, nos resulta evidente que la ASES es la agencia con la competencia para atender la controversia planteada por COOPLAB; particularmente, cuando la controversia central exige que la agencia se exprese sobre el alcance de sus cartas normativas.

Si bien el *Reglamento General* establece que el procedimiento para presentar querellas exige que se agoten los remedios inferiores antes de acudir al proceso adjudicativo ante la agencia, también es cierto que la

---

[7] En específico, citó los Artículos 3.4 y 3.5 del precitado estatuto, los cuales disponen que toda cooperativa podrá realizar toda clase de actividad lícita que sea propia o incidental, entre ellas, demandar y ser demandada. 5 LPRA secs. 4391 y 4392.

agencia tuvo ante sí el argumento de la parte recurrida respecto a preterir el referido requisito y lo acogió en su determinación. Ante ello, no podemos sino concluir que no se cometió el primer error señalado.

Ciertamente lo primero que debemos hacer todas las instancias judiciales al auscultar la **legitimación** de una parte es examinar si alguna disposición legal le confiere una causa de acción. En esta ocasión, surge de manera explícita de las Secciones 3.4 y 3.5 de la Ley Núm. 239-2004, 5 LPRA secs. 4391 y 4392, que las cooperativas tienen la capacidad, tanto para demandar, como para ser demandadas. En este caso, COOPLAB es una cooperativa de consumo inscrita como tal en el Departamento de Estado. Por tanto, concluimos que, de conformidad con la *Ley General de Sociedades Cooperativas de Puerto Rico*, COOPLAB sí tiene capacidad para representar a sus socios.

De otra parte, aunque reconocemos que COOPLAB cuenta con legitimación estatutaria, resulta que también cumple con los requisitos ordinarios de legitimación activa de asociaciones. Nos parece evidente que los socios de COOPLAB, en este caso los proveedores de laboratorios clínicos, adujeron haber sufrido un daño claro y palpable como consecuencia del impago de First Medical, lo cual se intenta vindicar a través de la querella presentada ante la ASES al amparo de su reglamento general.

IV

Por los fundamentos expuestos, confirmamos la *Orden* emitida por la Administración de Seguros de Salud el 17 de junio de 2024. En su consecuencia, ordenamos la continuación de los procedimientos ante la agencia.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones