ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO, <br><br> Recurrida, <br><br> v. <br><br> ÁNGEL M. SANTIAGO RIVERA, <br><br> Peticionaria. | KLCE202500044 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama. <br><br> Criminal núm.: G VI2024G0009, G LA2024G0069. <br><br> Sobre: tent. Art. 93(A) del CP; Art. 6.06 de la Ley de Armas. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de marzo de 2025.

El peticionario, señor Ángel M. Santiago Rivera (señor Santiago Rivera) presentó este recurso, por conducto de su representación legal, el 15 de enero de 2025. En él, nos solicita la revocación de la *Resolución* emitida el 15 de noviembre de 2024, notificada el 20 de noviembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama[1]. Por medio de esta, el foro recurrido declaró sin lugar una petición de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 LPRA Ap. II, presentada por el peticionario[2].

El referido dictamen fue objeto de una solicitud de reconsideración presentada el 10 de diciembre de 2024[3]. No obstante, el 13 de diciembre de 2024, notificada el 16 de diciembre de 2024, el tribunal primario la declaró sin lugar[4]. Inconforme, el señor Santiago Rivera acudió ante nos.

---

[1] *Véase*, apéndice del recurso, a las págs. 69-70.

[2] *Íd.*, a las págs. 16-64.

[3] *Íd.*, a las págs. 71-72.

[4] *Íd.*, a las págs. 73-75.

Número identificador

RES2025_____

Tras la presentación del recurso de *certiorari*, concedimos al Estado un término de diez (10) días para mostrar causa y exponer las razones por las cuales el auto no debía ser expedido.

Así las cosas, el 18 de febrero de 2025, el Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General, compareció mediante escrito intitulado *Solicitud de Desestimación y Relevo de Término*. En lo que respecta a la petición de desestimación, **argumentó que la solicitud de reconsideración presentada por el señor Santiago Rivera ante el foro primario no había tenido efecto interruptor para acudir ante este foro**. En específico, esgrimió que la moción fue presentada veinte (20) días después del archivo en autos de la notificación de la *Resolución* recurrida. Añadió que, aunque el peticionario indicó haber **presentado la moción en el correo el 5 de diciembre de 2024**, no acompañó evidencia de ello. Así pues, sostuvo que el recurso fue presentado tardíamente.

Examinada la moción del Estado, el 21 de febrero de 2025, ordenamos al peticionario a mostrar causa y exponer las razones por las cuales no debíamos acoger la solicitud del Estado.

En cumplimiento, el 28 de febrero de 2025, el señor Santiago Rivera presentó un escrito al el que adjuntó evidencia de que la moción de reconsideración había sido **depositada en el correo** el **5 de diciembre de 2024**[5]; último día hábil para así hacerlo.

Evaluados los escritos de ambas partes, y por los fundamentos que expondremos a continuación, **desestimamos** el recurso instado, pues carecemos de jurisdicción para intervenir.

I

A

Distinto al recurso de apelación, el auto de *certiorari* es un recurso procesal de carácter discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). La jurisdicción y competencia de este Tribunal

---

[5] La moción fue complementada el 7 de marzo de 2025, a los fines de enmendar el documento anejado en la primera, y presentar el que mostraba el tracto completo del envío y recibo de la solicitud de reconsideración.

para atender un recurso de *certiorari* está establecida en las disposiciones de la Ley Núm. 103-2003, según enmendada, *Ley de la Judicatura de 2003*, 4 LPRA sec. 24, *et seq.*; en particular, su Art. 4.002, 4 LPRA sec. 24u; las Reglas 52.1 y 52.2 de las de Procedimiento Civil, 32 LPRA Ap. V; las Reglas 193 y 194 de las de Procedimiento Criminal, 34 LPRA Ap. II; y la Regla 32 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

De otra parte, el Art. 4.006(b) de la *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y(b), establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante auto *certiorari* expedido a nuestra discreción. A su vez, la Regla 52.2(b) dispone, en parte, que los recursos de *certiorari* ante nos para revisar órdenes o resoluciones emitidas por el Tribunal de Primera Instancia, deberán ser presentados dentro del término de 30 días, contados desde la fecha de su notificación. 32 LPRA Ap. V. También, dispone que el término es de cumplimiento estricto, "**prorrogable sólo cuando medien circunstancias especiales debidamente sustentadas en la solicitud de certiorari**". *Íd.* (Énfasis nuestro).

Dicho término está recogido en la Regla 32(D) de nuestro Reglamento, que dispone:

> El recurso de *certiorari* para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los **treinta (30) días** siguientes a la fecha del archivo en autos de copia de la notificación u orden recurrida. Este término es de **cumplimiento estricto**.

4 LPRA Ap. XXII-B, R. 32(D). (Énfasis nuestro).

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo de Puerto Rico ha expresado que, "**el foro apelativo no goza de discreción para prorrogar tales términos automáticamente**". *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). (Énfasis nuestro). En su consecuencia, "tiene discreción para extender un término de cumplimiento estricto 'solo cuando la parte que lo solicite demuestre justa causa para la

tardanza'". *Rojas v. Axtmayer Ent., Inc.*, 150 DPR, a la pág. 564. En ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración. *Íd.* **La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas**. *Íd.*, a la pág. 565.

B

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Al igual que un recurso presentado prematuramente, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

Por su parte, la Regla 83 (B) y (C) del Reglamento de este Tribunal de Apelaciones nos confiere autoridad para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 – Desistimiento y desestimación

.        .        .        .        .        .        .        .

(B) **Una parte podrá solicitar en cualquier momento la desestimación de un recurso** por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción;**

(2) **que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello**;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.**

.     .     .     .     .     .     .     .     .

4 LPRA Ap. XXII–B, R. 83. (Énfasis nuestro).

II

Examinado el recurso discrecional presentado por el señor Santiago Rivera, concluimos que carecemos de autoridad para entender en los méritos de este, toda vez que fue presentado fuera del término para ello. Veamos.

Según adelantado, el 15 de noviembre de 2024, el Tribunal de Primera Instancia denegó la solicitud de desestimación presentada por el señor Santiago Rivera al amparo de la Regla 64(p) de las de Procedimiento Criminal, 34 LPRA Ap. II. Dicha determinación fue notificada el **20 de noviembre de 2024**. A tenor con el ordenamiento jurídico, el señor Santiago Rivera contaba con un **término improrrogable de quince (15) días**, contados a partir de dicha notificación, para presentar la solicitud de reconsideración[6]. Esto es, a más tardar, el **5 de diciembre de 2024**.

Al evaluar la solicitud en cuestión, esta indica que fue sometida el 5 de diciembre de 2024. Sin embargo, el representante legal del peticionario certificó haber enviado la moción original al tribunal recurrido **mediante correo certificado**. En otras palabras, **la moción de reconsideración fue depositada por correo certificado el último día hábil para su presentación**. Como resultado, el Tribunal de Primera Instancia no recibió

---

[6] *Véase*, Regla 194 de las de Procedimiento Criminal, 34 LPRA Ap. II, y, en lo civil, la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V.

la solicitud hasta el 10 de diciembre de 2024; fecha en que aparece timbrada por la Secretaría del tribunal[7].

En ese sentido, nos encontramos ante dos fechas distintas que requieren ser examinadas para determinar cuál debe considerarse como la fecha de presentación de la solicitud de reconsideración. Para ello, −y ante el vacío normativo en las Reglas de Procedimiento Criminal− razonamos prudente remitirnos a las Reglas de Procedimiento Civil.

Así, en su Regla 65.7, estas disponen expresamente que la **presentación** de alegaciones y otros escritos debe realizarse **en la Secretaría del tribunal**. 32 LPRA Ap. V, R. 65.7. Al interpretar dicha disposición, el Tribunal Supremo de Puerto Rico ha resuelto **que la fecha de presentación de una moción no es la fecha de depósito en el correo, sino la fecha en la que es recibida y timbrada por la Secretaría del tribunal**. *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

En virtud de lo anterior, resulta forzoso concluir que la solicitud de reconsideración instada por el señor Santiago Rivera se entiende presentada el **10 de diciembre de 2025**. Esto es, luego de transcurrido el término que dispone el ordenamiento.

Adviértase que, al haber sido presentada fuera del plazo, la reconsideración no tuvo el efecto de interrumpir el término para comparecer ante este foro revisor. Por tanto, de conformidad al derecho citado, el señor Santiago Rivera tenía hasta el **20 de diciembre de 2024**, para acudir ante nos.

No obstante, sin articular justa causa para ello, el señor Santiago Rivera presentó el recurso de autos el **15 de enero de 2025**; es decir, veintiséis (26) días más tarde. Cual citado, el foro apelativo no goza de discreción para prorrogar los términos de cumplimiento estricto automáticamente a no ser que se muestre justa causa.

A la luz de lo anterior, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del recurso, pues este fue

---

[7] *Véase*, apéndice del recurso, a la pág. 72.

incoado fuera del término de cumplimiento estricto para ello. Así pues, este Tribunal acoge la solicitud de desestimación presentada por el Estado.

III

Conforme a lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por falta de jurisdicción por este haberse instado de manera tardía.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones