Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LUZ J. MOJICA ROSADO<br><br>Peticionaria<br><br>v.<br><br>XAVIER MÉNDEZ ESTRADA<br><br>Recurrido | TA2026CE00196 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.: ECU20250006<br><br>Sobre: Relaciones Filiales |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de febrero de 2026.

Comparece ante este tribunal apelativo, la Sra. Luz J. Mojica Rosado (señora Mojica Rosado o peticionaria) por derecho propio, mediante un escrito intitulado *Apelación Civil*.[1] En el mismo, la peticionaria nos solicita que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), el 26 de enero de 2026, notificada el 28 de enero siguiente. Mediante este dictamen, el foro primario resolvió que, ante el incumplimiento de la licenciada Ruiz Fernández con las órdenes del tribunal, le impuso una sanción económica de $500. Además, se le apercibió que, de no cumplir con las órdenes previas, se expone a sanciones mayores o que se le encuentre incurso en desacato.

Además, la señora Mojica Rosado, sometió una *Solicitud para Declaración de Indigencia.*

---

[1] La peticionaria recurre de una *Orden* interlocutoria para mostrar causa e imposición de sanciones económicas a la representante legal por lo que se revisa mediante recurso de *certiorari*.

Por los fundamentos que expondremos a continuación, declaramos *No Ha Lugar* a la solicitud para litigar *in forma pauperis* y desestimamos el recurso de *certiorari* solicitado*.*

**I.**

En cuanto al trámite procesal pertinente al recurso que nos ocupa, durante los procedimientos que se dilucidan ante el TPI relacionados al caso ECU-2025-006 el pasado 28 de enero de 2026, se emitió la *Orden* recurrida.[2] Mediante esta, el TPI determinó que la licenciada Ruiz Fernández reiteradamente ha incumplido con las órdenes del tribunal, por lo cual se le impuso una sanción económica por la cantidad de $500. Además, se le apercibió que de continuar con los incumplimientos se expondría a mayores sanciones o podría encontrársele incursa en desacato.

Ante tal orden, acude ante nuestra consideración la peticionaria y arguye, entre otras, que lo procedente en este caso es relevar a la licenciada Ruiz Fernández como su representante legal.

Examinados el recurso y el expediente apelativo, y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

**Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas,

---

[2] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI, Entrada núm. 2).

deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

### III.

Analizado el recurso ante nuestra consideración, nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquier otra cuestión. Ello, aunque ninguna de las partes haya formulado la petición al respecto.

Surge del expediente ante nuestra consideración que el dictamen recurrido es la *Orden* emitida el 26 de enero de 2026, y notificada el 28 posterior. En esta se le ordenó a la licenciada Ruiz Hernández mostrar causa según la *Orden* del 29 de octubre de 2025, igualmente se le impuso una sanción económica por incumplimiento, y se le apercibió de posibles consecuencias mayores de continuar con dicho proceder.

Por otra parte, resulta pertinente y necesario destacar que la propia peticionaria en la *Solicitud para Declaración de Indigencia*, a la pág. 7, señala que la licenciada Ruiz Fernández no ha renunciado a ser su representante legal y que tampoco el TPI la ha relevado de tal cargo. Asimismo, especifica que solicita que la abogada sea relevada lo que es una petición que se tiene que presentar ante el tribunal recurrido. En este punto, advertimos que la Regla 9.2 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 9.2, preceptúa que el abogado que asuma la representación profesional de una parte y solicite renunciar a dicha representación, deberá presentar una moción por escrito y el tribunal tendrá la facultad para decidir si acepta la renuncia o la rechaza.

Por su parte, la Regla 9.4 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 9.4, dispone que las personas naturales en los casos civiles pueden autorrepresentarse siempre que cumpla con, entre otros requisitos, **que no estén representadas por abogado o abogada**. Esta disposición establece, además, que el incumplimiento con algunos de los requisitos allí detallados será causa justificada para suspender su autorrepresentación.

En este sentido, la solicitud instada por la peticionaria para litigar *in forma pauperis* no puede ser concedida. Puesto que para el caso y para acudir en revisión ante esta *Curia* esta cuenta con representación legal.

En fin, y como consecuencia de que la peticionaria cuenta con representación legal, nos encontramos ante un recurso que impide que asumamos jurisdicción.

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso por falta de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones